[No. 7262.]

## YOUNG v. THE PEOPLE.

1. CRIMINAL LAW—*Nolo Contendere*—The plea of *nolo contendere* is allowed under Rev. Stat. sec. 1982. In practice it is generally received with the express or tacit consent of the district attorney that the accused may be discharged on payment of costs.

2. ——*Reinstatement of Cause*—*Sentence*—Plea of *nolo contendre* to a criminal information. Order that the cause "be and is retired from the docket * * * upon the payment of costs * * * with leave to the people to have an *alias capias* * * * at any time, and to reinstate this cause for further proceedings." *Held,* that under the facts in this case the court still retained the cause, that the order had not the effect of an indefinite continuance, and, the costs not having been paid, a judgment at the same term, imposing a fine, was affirmed.

3. WORDS AND PHRASES—An order accepting a plea of *nolo contendere*, with leave to the people to take out an *alias capias* "at any time," extends to any subsequent term of the court.

*Error to Costilla District Court.*—Hon. CHARLES C. HOLBROOK, Judge.

Mr. E. H. ELLITHORP, Mr. E. C. HOLT, Mr. J. W. DAVIDSON, for plaintiff in error.

Hon. BENJAMIN GRIFFITH, attorney general, Mr. THEODORE M. STUART, JR., assistant attorney general, for the people.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1. April 4, 1910, three informations were filed in the district court of Costilla county against plaintiff in error, being cases numbered 130, 131 and 132 upon the docket of that court, charging him with selling liquor without a license. April 5, 1910, he pleaded guilty in No. 132, and *nolo contendere* in Nos. 130 and 131, and the court entered an order in No. 131, which, after reciting the withdrawal of the plea of not guilty, and the tender of the plea of *nolo contendere* which was accepted, is as follows:

"And said plea is accordingly now filed and the consequences and effects thereof being by the court here fully explained to him he still persists therein. Thereupon it is ordered by the court that this cause be and the same is retired from the dockets of this court, upon the payment of all costs herein, with leave to the people to have an *alias capias* for the arrest of the said defendant, C. J. Young, at any time, and to reinstate this case for further proceedings."

July 12, 1910, on motion of the district attorney, the court entered an order reinstating the case and after examining witnesses as to the aggravation and mitigation of the offense; July 13, 1910, sentenced the defendant to pay a fine of $200.00 and the costs on his plea of *nolo contendere,* and he brings the case here for review on error.

2. The only assignment we think it necessary to consider, is the order entered April 5th, when the court accepted the plea of *nolo contendere.* It is claimed it has the effect of an indefinite postponement of sentence, and that the sentence passed July 13th, is void on this account, under the rule announced by this court in *Grundel v. The People,* 33 Colo. 191.

In 12 Cyc., page 354, it is said:

"A plea of *nolo contendere,* which is still allowed in some jurisdictions, is an implied confession of the crime charged, and as regards the case in which it is entered, is equivalent to a

plea of guilty, except that it gives the accused the advantage of not being estopped to deny his guilt in a civil action based upon the same facts as he would be upon a plea of guilty. If accepted by the court sentence is imposed as upon a plea of guilty."

It is a common law plea, and under section 1982, Revised Statutes of 1908, is allowable in this state. Though a plea of guilty, still, we know that in actual practice, in this state, it is generally entered either with the express or tacit understanding of the district attorney, that the court may enter an order dismissing the defendant out of court upon the payment of costs. But it is a plea of guilty upon which sentence may be imposed. If the order of the court had been that the defendant should be discharged out of court upon the payment of costs, and the record disclosed that he had complied with the order, and was discharged, possibly there might be some merit in the contention that the court could not subsequently impose sentence. But in *State v. Burton,* 113 N. C. 655; and In *Re Black,* 52 Kas. 64, it is held that any time during the term at which the defendant was convicted, before execution of any part of the sentence, the court has power to change, modify or amend its sentence in criminal cases, either in form or substance. This order was that the case be retired from the docket upon the payment of costs; but reserving the right to the people to issue an *alias capias* for the arrest of the defendant and to reinstate the case at any time for further proceedings. "At any time," would of course include any subsequent term of the court. If that term of court had been allowed to pass without the defendant being sentenced, it may be, under the doctrine announced by this court in the Grundel case, that the order would have had the effect of an indefinite postponement of sentence. If sentence had been passed at some subsequent term of the court, then the question of indefinite postponement could be raised and the authorities cited by plaintiff in error, would be appropriate. But in this case, the record does not show that the defendant complied with the order by

paying the costs and having the case dismissed. A few weeks after the order was entered, but during the same term of court, while the costs were unpaid, the court pronounced sentence upon the plea of guilty. So the order of April 5th did not result in an indefinite postponement of sentence. There was no indefinite postponement because sentence was passed during the term, which avoids any error that might have arisen on account of indefinite postponement had the sentence been passed at some subsequent term. The cases cited by plaintiff in error are instances of indefinite postponement of sentence wherein the sentence was passed at a subsequent term, in many instances, several years afterwards, and by a different judge. No case of indefinite postponement has been cited where the sentence was pronounced, during the term of court at which the defendant was convicted, by the judge who tried the case.

*Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.