McNAB v. STATE
(No. 1673; Jan. 14, 1931; 295 Pac. 278)

The cause was submitted for the plaintiff in error on the brief of *D. W. Ogilbee,* of Casper, Wyoming.

398

On behalf of the State, there was a brief by *W. O. Wilson,* Attorney General; *James A. Greenwood,* Deputy Attorney General, and *Philip S. Garbutt,* Assistant Attorney General, all of Cheyenne, Wyoming.

KIMBALL, Chief Justice.

The defendant (plaintiff in error) on November 12, 1929, was charged with petit larceny by complaint filed with a justice of the peace. On the same day the case was disposed of in the manner shown by the following entry in the docket of the justice:

"Defendant forthwith appeared before me, and introduced a plea of *nolo contendere*. No witnesses were sworn nor was any evidence introduced by the prosecution.

"Court thereupon upon the plea aforesaid, found the defendant guilty of the offense charged.

"Therefore it is by the court ordered and adjudged that the defendant be and is hereby sentenced to pay a fine of $50.00 and the costs of this procedure taxed at $6.95. Said fine and costs were thereupon forthwith paid by the defendant and the said fine was remitted."

The docket entry in all material matters is a true recital of the proceedings at that time in the case.

February 5, 1930, defendant filed in the justice court a motion to vacate and set aside the judgment and sentence, and for an order permitting him to withdraw his plea of *nolo contendere* and to enter a plea of not guilty. The motion was on three grounds: (1) That the justice exceeded his jurisdiction and acted without authority of law in finding defendant guilty and in imposing the fine upon defendant's plea of *nolo contendere;* (2) defendant, at the time of entering the plea, was not aware of its full legal effect, and (3) since the plea and sentence defendant had discovered "evidence, and further and new evidence" to establish his innocence of the offense charged. This motion, after a hearing at which testimony was taken, was denied by the justice. Thereupon, defendant commenced and prosecuted in the District Court a proceeding in error in which he alleged error in the acceptance of his plea of *nolo contendere,* in the finding of guilt, in the imposition of the sentence, and in denying the motion to vacate the judgment. He brought to the District Court not only the docket and files of justice but also, in a bill of exceptions, the evidence taken on the hearing of the motion to vacate the judgment.

In the District Court the case was heard on the petition in error and the record of the proceedings in the justice court, and the findings and judgment of the justice were modified by striking therefrom the words: "Court thereupon upon the plea aforesaid, found the defendant guilty of the offense charged." Defendant now brings the case by proceeding in error to this court, contending that the

District Court did not give him all the relief to which he was entitled.

There may be a doubt as to the right of the District Court to review by proceeding in error a judgment and sentence of a justice of the peace in a prosecution for misdemeanor. The question, however, is not raised nor argued by either party, and we need not decide it. The District Court did not disturb the judgment, except by a modification not complained of by the state and not harmful to defendant. For reasons presently to be stated we are of opinion the District Court, if it had the right to entertain the proceeding in error, did not err in refusing to do more than modify the judgment. In the circumstances, therefore, we shall assume that the District Court acted within its jurisdiction in entertaining the proceeding, although we should want carefully to consider that point before giving or approving a decision that would vacate or materially affect the judgment in the justice court.

Because the plea of *nolo contendere* is not recognized by the statutes prescribing the procedure in criminal cases, the defendant contends that the judgment on the plea is void, or at least erroneous.

The so-called plea of *nolo contendere* was known to the common law (Hudson v. United States, 272 U. S. 451, 47 S. Ct. 127, 71 L. Ed. 347) which is applicable unless inconsistent with the laws of the state. C. S. 1920, 4547; Hovey v. Sheffner, 16 Wyo. 254, 263, 93 Pac. 305, 15 L. R. A. (N. S.) 227, 125 A. S. R. 1037, 15 Ann. Cas. 318. The statutes in regard to prosecutions of misdemeanor cases in justice courts provide that the defendant may plead the same pleas as upon an indictment (C. S. § 7388), and upon a plea other than a plea of guilty, if the defendant do not demand a trial by jury, the justice must proceed to try the issue (§ 7389). On arraignment on an indictment the

defendant is asked ''are you guilty or not guilty of the offense therein charged'' (§ 7491), and if defendant offer no plea in bar, he shall answer ''by pleading 'guilty' or 'not guilty,' but if he answer evasively or stand mute he shall be taken to have pleaded 'not guilty.' '' § 7494.

It must be admitted that these statutes contain no express recognition of the plea of *nolo contendere*. In a few states it is held that, in the absence of such recognition, the plea is not allowed. People v. Miller, 264 Ill. 148, 106 N. E. 191, Ann. Cas. 1915B 1240; State v. Kiewel, 166 Minn. 302, 207 N. W. 646; Mahoney v. State, 197 Ind. 335, 149 N. E. 444. Cases too numerous for listing here show that the plea is allowed in the federal courts and some fourteen or fifteen state courts. We have not examined the statutes in effect in all these jurisdictions, but most of the cases show that the plea is allowed under authority of the common law, and not by virtue of any statute. It is allowed in Colorado under a statute (Colo. Rev. St. 1908, § 1982) which provides that all trials for criminal offenses shall be conducted according to the course of the common law, except when the statute points out a different mode, and the common law rules of evidence, unless changed by statute, shall be binding. Young v. People, 53 Colo. 251, 125 Pac. 117. In the decisions of more than half the states we have been unable to find anything to indicate whether or not the plea is allowed. In Wyoming there appears to be no mention of the plea in the decisions of this court, but two of the justices recall instances of its use in the District Courts.

It is frequently said that the so-called plea of *nolo contendere* is not a plea in the strict sense of that term in criminal law. 16 C. J. 404, 8 R. C. L. 117. In early cases, it was treated as an implied confession, and more in the nature of a petition than a plea. Hudson v. U. S., 272 U. S. 451, 454-455, 47 S. Ct. 127, 71 L. Ed. 347. In modern

practice it is sometimes referred to as being in the nature of a compromise between the state and the defendant. Young v. People, 53 Colo. 251, 125 Pac. 117; State v. La-Rose, 71 N. H. 435, 52 Atl. 943; Tucker v. United States, 196 Fed. 260, 116 C. C. A. 62, 41 L. R. A. (N. S.) 70. It is not one of the pleas which defendant can interpose as a matter of right, but is allowable only under leave of court. Com. v. Ingersoll, 145 Mass. 381, 14 N. E. 449. There seems to be some difference of opinion as to the kind of cases in which the plea may be used, and the nature of sentence that may be imposed following the plea, but those questions are of no importance in this case, as there can be no doubt that the plea, if allowable at all, may be made in a case of misdemeanor and followed by a sentence of fine.

We do not think the common law recognition of the plea is inconsistent with the statutes of criminal procedure that fail to make specific provision for it. The use of the plea does not interfere with either the statutory rights of the defendant or the statutory authority of the court. The defendant still has the right to plead guilty or not guilty, if he so desires. The court may refuse to accept the plea and thus require a plea of guilty or not guilty. We are of opinion, therefore, that the plea of *nolo contendere* was a permissible plea in the case at bar. If it was not, it would perhaps be difficult to escape the conclusion that the contention that the judgment of the justice was unauthorized presents only a moot question. The defendant voluntarily and on the advice of counsel tendered the plea expecting to be fined and intending to pay the fine. When sentence was pronounced he made no objection, but was ready to pay the fine, and when the fine was remitted satisfied the sentence by paying the costs. See State v. Wells, 127 Minn. 252, 140 N. W. 286, Ann. Cas. 1916C 618.

It is contended that the judgment was void or defective because it contained a finding of guilt. There are cases

holding that it is neither necessary nor proper to adjudge the defendant guilty on such a plea. But if the judgment in the case at bar was defective because of the finding of guilt, the defect has been remedied by the modification by the District Court.

It is also contended that the judgment is defective in failing to show that the plea was accepted by the justice. There is no recital that the plea was accepted, but the action of the justice on the plea without hearing evidence imports that the plea was accepted, and that is sufficient. Com. v. Ingersoll, 145 Mass. 381, 14 N. E. 449; Schad v. McNinch, 103 W. Va. 44, 136 S. E. 865.

The last contention we need to consider is that the District Court erred in refusing to reverse the order of the justice denying the motion for leave to withdraw the plea of *nolo contendere* and plead not guilty. Of course, the granting of that motion by the justice would have resulted in a vacation of the judgment. We are cited to no authority for holding that a justice of the peace has the power to vacate his judgment, or to permit the withdrawal of a plea after the entry and satisfaction of the judgment. The point is not raised by the state, and we shall pass it without decision. If we assume that the justice had discretionary authority to do what the defendant by his motion asked, we do not believe the discretion was abused in the case at bar by the denial of the motion.

From the evidence on the hearing of the motion, the justice was fully warranted in believing that the defendant voluntarily and advisedly entered the plea with the intention of having the case terminated in substantially the way it was terminated by the judgment. While it is true that defendant in his motion alleged that he was not "aware of the full legal effect of the plea," and in his testimony stated that he did not know "just what it would carry over," nor "what would follow afterwards,"

we do not understand that it is now contended that we should hold that defendant did not understand the legal effect of the plea which was entered on the advice of counsel, and with knowledge that it would be followed by a fine that defendant was willing to pay. He claimed that he had discovered witnesses who would testify to facts that would establish his innocence, but that is shown only by the hearsay evidence of the defendant himself. He apparently had made no effort to obtain the affidavits of the witnesses. He claimed that when he entered his plea, he did not know the testimony was available. It would seem, however, that if he knew he was innocent, he must have known that the testimony might be available; yet he made no request for a continuance. In the circumstances we cannot hold that the District Court erred in refusing to find that the denial of the motion was an abuse of discretion.

*Affirmed.*

BLUME and RINER, JJ., concur.