BROOKHART *v.* HASKINS, SUPT., LONDON CORRECTIONAL INSTITUTION.

(No. 39132—Decided March 31, 1965.)

Mr. *James Brookhart,* in *propria persona.*

Mr. *William B. Saxbe,* attorney general, and Mr. *William C. Baird,* for respondent.

*Per Curiam.* It is petitioner's contention that he was not tried upon an indictment returned by a grand jury but rather upon one returned by the prosecutor. During the course of the trial, upon motion by the prosecutor, the court permitted the indictment to be amended to conform to the evidence. These amendments consisted of corrections of the check numbers and the amounts on two of the checks set forth in the indictment and also the correction of the name of the payee on one of the checks set forth in the indictment.

Section 2941.30, Revised Code, provides in part as follows:

"The court may at any time before, during, or after a trial amend the indictment, information, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."

This section permits amendments to an indictment, which do not change the nature or identity of the offense.

The indictments presently before us were for forgery and uttering a forged instrument. They were complete on their face and properly charged the offense in issue. An amendment to an indictment for forgery or uttering, which merely changes the check numbers, amounts or the names of the payee as set forth in the indictment, is a matter of form, not of substance, and in no way affects the nature or identity of the offense as charged. Thus, such amendments relating to form and not substance are proper. *Dye* v. *Sacks, Warden,* 173 Ohio St. 422.

Next, petitioner contends that he was denied due process because he was not confronted with his accusers nor was his counsel permitted to cross-examine the witnesses. The circumstances of which petitioner now complains arose from his own acts with the advice and consent of his counsel. These proceedings are all a matter of record in open court. The record shows that petitioner, although he did not plead guilty, agreed that all the state had to prove was a prima facie case, that he would not contest it, and that there would be no cross-examination of witnesses. To this, his counsel acquiesced. In effect he said, ''I won't plead guilty but if the state can prove a prima facie case, I won't contest it.''

The record indicates the following in this respect:

''The Court: Ordinarily in a prima facie case—the prima facie case is where the defendant, not technically or legally, in effect admits his guilt and wants the state to prove it.

''Mr. Ergazos: That is correct.

''The Court: And the court knowing that and the prosecutor knowing that, instead of having a half dozen witnesses on one point they only have one because they understand there will be no contest.

''A. I would like to point out in no way am I pleading guilty to this charge.

''The Court: If you want to stand trial we will give you a jury trial.
''* * *

''The Court: Make up your mind whether you require a prima facie case or a complete trial of it.

''Mr. Ergazos: Prima facie, Your Honor, is all we are interested in.''

The procedure adopted here is similar to the plea of *nolo contendere* with an added condition that the state prove the prima facie case. This plea has never been either accepted or rejected in Ohio. It is urged that in view of the fact that pleas to an indictment are statutory, such a plea would not be acceptable in Ohio. This does not necessarily follow.

It has been pointed out that this ancient common-law plea is not in the strict sense a plea at all but rather a compromise

between the accused and the state. As is stated in *McNab* v. *State*, 42 Wyo. 396, 402, 295 P. 278:

"It is frequently said that the so-called plea of *nolo contendere* is not a plea in the strict sense of that term in criminal law. 16 C. J. 404; 8 R. C. L. 117. In early cases, it was treated as an implied confession, and more in the nature of a petition than a plea. *Hudson* v. *U. S.*, 272 U. S. 451, 454-455, 47 S. Ct. 127, 71 L. Ed. 347. In modern practice it is sometimes referred to as being in the nature of a compromise between the state and the defendant. *Young* v. *People*, 53 Colo. 251, 125 P. 117; *State* v. *La Rose*, 71 N. H. 435, 52 A. 943; *Tucker* v. *United States*, 196 F. 260, 116 C. C. A. 62, 41 L. R. A. (N. S.) 70. It is not one of the pleas which defendant can interpose as a matter of right, but is allowable only under leave of court. * * *" See, also, 14 American Jurisprudence, 954, Criminal Law, Section 275.

The fact that the pleas which may be entered to an indictment are a matter of statute does not necessarily affect the right of a court to accept a plea of *nolo contendere*. In *McNab* v. *State, supra,* 403, it is said:

"We do not think the common-law recognition of the plea is inconsistent with the statutes of criminal procedure that fail to make specific provision for it. The use of the plea does not interfere with either the statutory rights of the defendant or the statutory authority of the court. The defendant still has the right to plead guilty or not guilty, if he so desires. The court may refuse to accept the plea and thus require a plea of guilty or not guilty. We are of opinion, therefore, that the plea of *nolo contendere* was a permissible plea in the case at bar. If it was not, it would perhaps be difficult to escape the conclusion that the contention that the judgment of the justice was unauhorized presents only a moot question. The defendant voluntarily and on the advice of counsel tendered the plea expecting to be fined and intending to pay the fine. * * *"

This plea is not a matter of right but one that requires the acquiescence of the court. Annotation, 89 A. L. R. 2d 540, 563.

The fact that the procedure here was unusual did not affect the validity of the proceedings, nor did it constitute a denial of a fair trial. Petitioner was afforded all of his constitutional

rights. There is no question that petitioner could have pleaded guilty to these charges if he had so desired and been sentenced accordingly, or he could have pleaded not guilty and forced the state to put on every witness it had and fully contested them not only through cross-examination but also by presenting a defense. This he did not choose to do. However, petitioner chose a middle ground. In open court, while represented by counsel, petitioner agreed that, although he would not plead guilty, he would not contest the state's case or cross-examine its witnesses but would require only that the state prove each of the essential elements of the crime. Certainly, if an accused has the right to plead guilty and thus relieve the state from presenting any proof of his guilt, he can agree that although he will not plead guilty he is willing to accept the verdict of the court based on limited evidence on each of the essential elements of the crime, and that he will not contest such evidence. No presumption of guilt was created by such agreement. The state was required to prove all the essential elements of the offense. The court, from this evidence, then determined the guilt of the accused. That no presumption arose or was in the mind of the court is clearly exemplified by the fact that the court found petitioner not guilty on two of the counts with which he was charged. It is apparent from the record that the court, in spite of its own statement that petitioner in effect admitted his guilt, felt that the burden was on the state to prove a prima facie case that petitioner was guilty.

The fact that such prima facie case might have been shaken if petitioner had chosen to introduce evidence or even to cross-examine the state's witnesses did not affect the validity of the conviction. Petitioner voluntarily and while represented by counsel waived such rights.

The procedure followed was agreed to by petitioner in open court while represented by counsel. As was stated in the second paragraph of the syllabus in *State* v. *Robbins,* 176 Ohio St. 362:

"Agreements, waivers and stipulations made by persons accused of crimes, or by their counsel in their presence, during the course of a trial for crime, are, after the termination of the

trial, as binding and enforceable upon such persons as like agreements, waivers and stipulations are upon parties to civil actions. (Paragraph four of the syllabus of *State, ex rel. Warner,* v. *Baer et al., Judges,* 103 Ohio St. 585, approved and followed.)''

It should be pointed out that the record shows that, even after the jury waivers were executed and petitioner agreed to be tried on the basis of a prima facie case, the court informed petitioner that he could still have a full trial before a jury if he so desired, and petitioner refused.

A fair trial does not mean that an accused must exercise all those rights which have been held necessary to constitute a fair trial. An accused must be *afforded* such rights; he need not take advantage of them. Thus, an accused may or may not be represented by counsel, it is his own choice; he may cross-examine or he may not cross-examine witnesses; he may call or he may not call witnesses on his own behalf; he may be tried before or in the absence of a jury—all at his own choice. To constitute a fair trial it is necessary only that such rights be *available* to the accused, not that he take advantage of them.

In the instant situation, petitioner was represented by counsel. The transcript shows that twice during the preliminary proceedings petitioner was informed that he could have a complete trial before a jury if he so desired and twice it was indicated to the court that all the defense desired was that the state prove a prima facie case. Petitioner cannot contend now that he was denied a fair trial.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, O'NEILL, SCHNEIDER and BROWN, JJ.,concur.

MATTHIAS and HERBERT, JJ., dissent.

HERBERT, J., dissenting. Among the questions raised by the petitioner in his application for release by habeas corpus are:

''(4) Is it legal to put a prisoner on trial prima facie [*sic*]?

"(5) Was this a fair trial?"

I believe that these questions should be answered in the negative.

Petitioner being indigent, the court appointed counsel pursuant to the provisions of Section 2941.50 of the Revised Code. The petitioner entered a plea of not guilty.

Upon advice of counsel, petitioner waived his right to trial by jury and agreed to be tried by the court.

Respondent contends that petitioner "agreed," upon advice of counsel, to stand convicted of the crimes charged in the indictments if the evidence established a "prima facie case" of guilt.

In respect to this phase of the proceedings the record discloses:

"The Court: * * * I understand you signed two waivers of trial by jury.

"A [Defendant]: Thats correct, Your Honor.
"* * *

"The Court: Let the record so show, and then let the record show that counsel for the defendant has agreed to try, for the court to try the indictment No. 18101 and 18139 in the same trial.

"* * * [defense counsel]: Thats correct, Your Honor.

"The Court: Anything further?

"* * * [Prosecutor]: Nothing further.

"* * * [defense counsel]: The only thing is, Your Honor, this matter is before the court on a prima facie case.

"The Court: There being no . . . going to be no cross-examination of the witnesses, so the court will know and the state can't be taken by surprise, *the court doesn't want to be fooled and have your client change his mind half way through the trial and really contest it,* the state has a contest, we want to know in fairness to them so they can put on complete proof.

"* * * [defense counsel]: I might say this, Your Honor, if there is any testimony adduced here this morning which leaves any question as to this defendant in connection with this crime I would like to reserve the right to cross-examine at that time,

"The Court: That is raising another . . . that is putting the state on the spot and the court on the spot, *I won't find him guilty if the evidence is substantial.*

"* * * [defense counsel]: We have a jury question in the court, undoubtedly there will be . . .

"The Court: Ordinarily in a prima facie case . . . *the prima facie case is where the defendant, not technically or legally, in effect admits his guilt* and wants the state to prove it.

"* * * [defense counsel]: *That is correct.*

"The Court: And the court knowing that and the prosecutor knowing that, instead of having a half a dozen witness [*sic*] on one point they only have one because they understand there will be no contest.

"A [Defendant]: *I would like to point out in no way am I pleading guilty to this charge.*

"The Court: If you want to stand trial we will give you a jury trial.

"A [Defendant]: I have been incarcerated now for the last eighteen months in the county jail.

"The Court: You don't get credit for that.

"A [Defendant]: For over two months my nerves have been . . . I couldn't stand it out there any longer, *I would like to be tried by this court.*

"The Court: Make up your mind whether you require a prima facie case or a complete trial of it.

"* * * [defense counsel]: Prima facie, Your Honor, is all we are interested in.

"The Court: All right." (Emphasis added.)

It cannot be doubted that the court accepted a special plea, this prima facie proof plea. Recognition of special pleas in criminal cases is denied both by statute and this court.

Section 2943.03, Revised Code, definitely specifies the pleas that may be entered:

"Pleas to an indictment or information are:

"(A) Guilty;

"(B) Not guilty;

"(C) A former judgment of conviction or acquittal of the offense;

44

"(D) Once in jeopardy;

"(E) Not guilty by reason of insanity."

The majority opinion recognizes its vulnerability by reason of the intrusion of the special plea in the trial court and in defense of this procedural novelty likens it to the old common-law of *nolo contendere*. *Nolo contendere* is not a plea but merely a formal declaration by an accused person that he will not contest the charge. 22 Corpus Juris Secundum 1202, Criminal Law, Section 425 (1); annotation, 89 A. L. R. 2d 540 (1963).

The majority opinion relies heavily upon the case of *McNab* v. *State,* 42 Wyo. 396, where the court reluctantly approved the use of *nolo contendere* in one case without commending it for use in general practice. But why look to Wyoming when the statutes, *supra,* do not recognize special pleas, and this court, in *Richards* v. *State,* 110 Ohio St. 311, at page 313, spoke as follows:

"*The criminal procedure of Ohio does not recognize a special plea* of the character which was entered in this case, and *it is clearly contemplated by the statutes that the plea must either be that of guilty or not guilty.* This special plea must therefore be treated as either the one or the other. If it should be held that the special plea as entered does not admit the material allegations of the indictment, then it should be held to constitute a plea of not guilty. If on the other hand the material allegations of the indictment are not controverted by the special plea, then it must be held to amount to a plea of guilty of the offense charged." (Emphasis added.)

It was the duty of the trial court under the Ohio Constitution, statutes and the pronouncement of this court in the *Richards case* to have considered the special plea as one of not guilty and proceeded to try the cause. The majority opinion supports this conclusion when it says:

"* * * *although he did not plead guilty* * * *." (Emphasis added.)

The only plea that the trial court could properly consider was one of not guilty. The cause should have proceeded upon such a plea which clothed the petitioner with the presumption of innocence, which remained with him until his guilt was proved beyond a reasonable doubt. Section 2945.04, Revised Code.

Both the trial court and defense counsel considered the petitioner guilty before the hearing commenced, as is evidenced by the record, in this language:

"The Court: * * * the prima facie case is where the defendant, not technically or legally, in effect admits his guilt and wants the state to prove it.

"* * * [defense counsel]: That is correct."

*City of Cleveland* v. *Keah,* 157 Ohio St. 331, in the second paragraph of the syllabus, takes issue with the trial court's conception of a prima facie case, when it states this principle of law:

"A prima facie case is one in which the evidence is sufficient to support but not to compel a certain conclusion and does no more than furnish evidence to be considered and weighed but not necessarily to be accepted by the trier of the facts." The trial judge eliminated from his mind any thought of acquittal or any presumption of innocence. This is but an example of the confusion and injustice certain to follow in Ohio under the majority opinion which opens the door to any type of special plea that a trial court may accept. The trial court during the proceedings also said:

"* * * I won't find him guilty if the evidence is substantial."

It appears that the judge was of the opinion that he would not be required to return a verdict of acquittal unless the petitioner produced substantial evidence of innocence.

It appears reasonable to conclude that the trial court considered the defendant guilty before the beginning of the proceedings as is evidenced by its language that:

"* * * the prima facie case is where the defendant, not technically or legally, in effect admits his guilt and wants the state to prove it."

Also, after finding the defendant guilty of the charges, the trial court stated as follows:

"The Court: * * * his attitude in standing trial on these cases is nothing more than just taking a flier. He knew he was taking it, the court certainly knows he was just taking a flier, he never expected to be acquitted * * *."

46

It is claimed in the majority opinion that:

"The procedure followed was agreed to by petitioner in open court while represented by counsel." On the contrary, the record transcribed by the "official shorthand reporter" discloses that the petitioner in open court, addressing the court, said:

"I would like *to point out in no way am I pleading guilty* to this charge."

His counsel:

"Prima facie, Your Honor, is all we are interested in."

It is reasonable to conclude that the petitioner correctly interpreted the colloquy between court and counsel that prima facie proof was an admission of guilt on his part and he protested vigorously against such proceedings. In fact, following that protest petitioner stated: "I would like to be tried by this court."

Since petitioner did not acquiesce in the statement of his counsel to the court, the question arises as to who has the final control over decisions of a defense, when the defendant is present in court and understands the circumstances from which he draws his conclusions. It is our belief that under such circumstances the decision of the defendant is conclusive.

It appears to the writer of this dissent, however, that a far graver question arises from the apparent coercion and duress visited upon the petitioner by the state. Again we refer to the record:

"A [Defendant]: I would like to point out in no way am I pleading guilty to this charge.

"The Court: If you want to stand trial we will give you a jury trial.

"A [Defendant]: *I have been incarcerated now for the last eighteen months in the county jail.*

"The Court: You don't get credit for that.

"A [Defendant]: For over two months my nerves have been . . . I couldn't stand it out there any longer, I would like to be tried by this court." (Emphasis added.)

It appears further that the petitioner had been an inmate of a mental institution. He was held in jail without trial for 18 months and was denied a trial during all that period until in

desperation he said to the court, "I couldn't stand it out there any longer."

We do not believe that justice requires such treatment of indigents who are held in jail. Their cases should be disposed of at the earliest opportunity, but for some reason, which we do not know, this man, contrary to the provisions of the federal and state Constitutions, was denied a speedy public trial, with the result that even under those circumstances he insists that he does not plead guilty, declares that he will not make any admissions of guilt, and the court refuses to follow the procedure required when the defendant stands on a plea of not guilty.

The Constitution of Ohio, in the Bill of Rights, provides in Section 10, Article I, that:

"* * * in any trial, in any court, the party accused shall be allowed * * * a speedy public trial * * *."

In the Sixth Amendment to the federal Constitution, it is declared that:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *."

The proceedings involved in the case at bar were not authorized by the law of Ohio, nor did the court have jurisdiction to pronounce sentence upon the petitioner. Consequently his imprisonment is illegal and contrary to law and he is deprived of his liberty without due process of law. The court should order the petitioner released from custody.

Matthias, J., concurs in the foregoing dissenting opinion.