CITY OF LYNDHURST *v.* McFARLANE.
CITY OF CLEVELAND HEIGHTS *v.* UNDERWOOD.

[Cite as Lyndhurst v. McFarlane, 21 Ohio Misc. 197.]

(Nos. 87592 and 88583—Decided November 12, 1969.)

APPEAL: Common Pleas Court of Cuyahoga County, Criminal Division.

*Mr. Erwin Haiman,* prosecutor, for plaintiff city of Lyndhurst.
*Mr. Irwin L. Silbert,* assistant director of law, for plaintiff city of Cleveland Heights.
*Mr. Edwin F. Woodle,* for defendants.

MARSHALL, J. The above captioned causes came on for hearing and review by this court pursuant to Section 2953.02, Revised Code.

Although the two cases originated in separate municipal courts within Cuyahoga County, they present to this court, on appeal, the identical question of law.

In each case, the defendant entered a plea of "no contest" pursuant to Section 2937.06, Revised Code, which provides in part:

198

"In cases of misdemeanor the following pleas may be received:

"* * *

"(C) No contest;

"* * *"

Section 2937.07, Revised Code, then proceeds to set out the legal effect of a plea of "no contest," stating in its pertinent parts:

"If the plea be 'no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly. Such plea shall not be construed to import an admission of any fact at issue in the criminal charge in any subsequent action or proceeding, whether civil or criminal."

In each case, the judge of the respective municipal court found the defendant before him guilty; defendant McFarlane of "being in possession of a motor vehicle while under the influence of intoxicating liquor," and defendant Underwood of "operating a motor vehicle while under the influence of alcohol."

The defendants, in taking this appeal, argue that Section 2937.07, Revised Code, does not relieve the prosecution of the duty of presenting to the trial court evidence of the offense charged. They contend that absent at least some evidence to support the charge, the court must, under the statute, find the defendant "not guilty."

It is the premise of the prosecuting municipalities, the appellees herein, that:

"* * * the rules of evidence and the degree or amount of proof necessary to find an accused guilty are waived when an accused pleads no contest. The prosecutor need only give an explanation of circumstances, after which the court may or may not find the defendant guilty * * *."

The question thus presented is whether the prosecution must, under the "no contest" provisions of Section 2937.07, Revised Code, present at least some *evidence* as to

the elements of the offense charged before a trial court can "from an explanation of the circumstances" find the defendant guilty.

It is clear to this court that the "no contest" plea provided by Ohio statute is not the legal equivalent of the *nolo contendere* plea found in Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 reads in pertinent part:

"A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea * * *."

The receiving of the *nolo contendere* plea authorized by Rule 11 is discretionary with the court, whereas the entering of the "no contest" plea authorized by Section 2937.07, Revised Code, is a statutory right of the defendant. The court is without discretion as to whether it should accept or reject the plea. It must accept it and proceed to examine the circumstances of the case.

There is no question but that Rule 11 equates the "guilty" plea with the plea of *nolo contendere.* Why else would the court, prior to accepting either plea, have to determine that the plea was "made voluntarily with understanding of the nature of the charge and the consequences of the plea." In this court's eyes, it is quite apparent that the case of *Von Moltke* v. *Gillies* (1948), 332 U. S. 708, which deals with the acceptance of a guilty plea by the court, and outlines constitutional safeguards owing to the defendant, is equally applicable to Rule 11 pleas of *nolo contendere.*

It is equally clear that under Section 2937.08, Revised Code, the plea of "guilty" is not to be equated with the plea of "no contest." After the entering of the latter plea the court must still "make finding of guilty or not guilty from the explanation of circumstances." See *Fairlawn* v. *Fuller* (1966), 8 Ohio Misc. 266 (Akron Municipal Court).

The meaning of the term "explanation of circum-

stances," as it is used in the second paragraph of Section 2937.07, Revised Code, cannot be found from examining the present statute or its analogous predecessors. Therefore its meaning must be construed in the light of existing case law.

The precise issue posed in each of the instant cases is whether it is necessary for the prosecuting authority to present evidence of the offense charged to the court, where the defendant has entered a statutory plea of "no contest."

Of import in determining the answer to this question is the case of *Brookhart* v. *Haskins, Supt.* (1965), 2 Ohio St. 2d 36. The *Brookhart* case concerned itself with the common-law plea of *nolo contendere*, which, in the form recited by the court, was nearly identical to Rule 11 of the Federal Rules of Criminal Procedure.

After holding that the common-law plea of *nolo contendere* was a permissible plea in an Ohio felony proceeding, the court went on to discuss the rights of the accused with respect to such a plea:

"Certainly, if an accused has the right to plead guilty and thus relieve the state from presenting any proof of his guilt, he can agree that although he will not plead guilty he is willing to accept the verdict of the court *based on limited evidence on each of the essential elements of the crime * * *.*" 2 Ohio St. 2d 36, 40. (Emphasis supplied.)

If such be the standard of the court in cases where the *nolo contendere* is tantamount to a plea of "guilty," then certainly no lower a standard should be tolerated under the statutory "no contest" where the plea is not equated with a "guilty" plea and where the judge may make a finding of either "guilty" or "not guilty."

Therefore it is this court's opinion that in order for a trial court to find a defendant "guilty" under the "no contest" provisions of Section 2937.07, Revised Code, the verdict must be based on at least limited admissible material and relevant evidenc on each of the essential elements of the crime charged.

Such a presentation of evidence need not be involved,

and might consist of the sworn affidavit of a witness, or an investigating officer, or even of the defendant himself, which states facts (not legal conclusions) substantiating the presence of each of the crime's elements. Inasmuch as the defendant has agreed to accept as true the evidence presented, he would not be entitled to cross-examine the affiant, although he could present objections to the admission of the affidavit. All that need be shown is that the evidence, when used to explain the circumstances, supports a finding of "guilty" by the trial court.

This court can not subscribe to the theory advanced by the prosecutor in the *McFarlane case* (see Transcript of Proceedings on Wednesday, July 24, 1968, page 11, last line, quoting from the Transcript):

"* * * that when he (attorney for the defendant) entered a *plea of no contest* which the court as it does in all of these cases, Your Honor, explained to the defendant *that a plea of no contest would result in a finding of guilty* and that there is to be a brief explanation by either the officer or the prosecutor of the facts in order to explain the circumstances." (Emphasis added.)

In each case in the lower court the finding was based solely upon statements and representations made to the court by the prosecutors for the respective communities involved. The testimony given was strictly hearsay, and further, was unsworn. An unsworn police report may not be equated with courtroom testimony, or a sworn affidavit by a competent witness.

Thus, it is this court's opinion that in the instant cases the verdict or finding of each of the municipal courts was not supported by the evidence presented, and was thus contrary to law.

The verdict, or finding, in each case is hereby reversed, and each cause is remanded to the respective trial court involved, for further proceedings in accordance with law.

*Judgments reversed and causes remanded.*