THE STATE OF OHIO, APPELLEE, v. HERMAN, APPELLANT.

[Cite as State v. Herman (1971), 31 Ohio App. 2d 134.]

(No. 7038—Decided December 23, 1971.)

*Mr. William S. McCready,* for appellee.
*Mr George R. Hewes,* for appellant.

WILEY, J. Defendant, appellant herein, received a
traffic citation in which he was charged with reckless op-
eration of a motor vehicle in violation of R. C. 4511.20.

On the date indicated in the affidavit, the defendant
appeared in traffic court. He was advised of his rights by
the court, orally waived representation by counsel, heard
the affidavit read to him by the court, and pled "no con-
test." The court received and entered the plea. Thereupon,
the court turned the traffic affidavit over and read the fol-

lowing which appeared thereon under the heading "Officer's Notes for Testifying in Court":

"Subject going west on Rt. 24 1st control of veh. at a curve Rt. 24 & Jeffers Rd. Left north side of road, crossed road Left South side of road. Rolled Veh. 117 ft. in field, leaving Veh. on its top. Driver pined (sic) in Veh. Injuries to Driver & passenger Intoxicating beverages (beer) found open and unopen in Veh. AB."

The defendant gave a different version of what happened indicating that his right front wheel had slipped off the pavement onto the berm that had been softened by an earlier rainstorm, and that the car rolled over several times and ended up in a field. Defendant denied knowledge of any beer in the automobile. The court found the defendant guilty.

On appeal, the main contention of the defendant was that the court erred in reading the explanation of the officer on the back of the affidavit as "an explanation of the circumstances."

Two trial courts have reported decisions in which an interpretation of the phrase "explanation of the circumstances" has been made, coupled with the plea of "no contest." In *Fairlawn* v. *Fuller,* 8 Ohio Misc. 266 the court stated that the plea of "no contest" is not synonymous with the ancient plea of *"nolo contendere"* in that the plea of *nolo contendere* is an implied admission of guilt and, for the purposes of the case in which it is entered, is equivalent to a plea of guilty, whereas, in a plea of no contest, the court must go further and make a finding of guilty or not guilty from "the explanation of circumstances." This trial court further stated that the statements made by counsel and the stipulations of facts and briefs may all be considered by a court under the statutory authority (R. C. 2937.07) to consider an "explanation of circumstances" under a plea of "no contest." The Akron court went on to state, at page 269 of its opinion, the following:

"The language of the statute permitting a plea of no contest and a finding of either guilty or not guilty 'from the explanation of circumstances' lacks definition or limi-

tation. It opens the door to informal statements containing hearsay and opinion, and seems to dispense with testimony under oath and cross-examination.''

A further discussion of the phrase ''from an explanation of the circumstances'' is found in the case of *Lyndhurst* v. *McFarlane,* 21 Ohio Misc. 197. The syllabus in this case states:

''A finding of guilty by a judge pursuant to Section 2937.07, Revised Code, after the defendant has pleaded 'no contest' under Section 2937.06(C), Revised Code, must be supported by sworn evidence which states facts substantiating the presence of each of the elements of the offense.''

In *Lyndhurst,* the court, in coming to the conclusion above stated in the syllabus, compared the plea of ''no contest'' to the old common law plea of *''nolo contendere.''* The trial court further stated that it was clear that the ''no contest'' plea provided by Ohio statute is not the legal equivalent of the plea of *nolo contendere* found in Rule 11 of the Federal Rules of Criminal Procedure. We agree.

The trial court in *Lyndhurst, supra,* further indicated that the Ohio Supreme Court in the case of *Brookhart* v. *Haskins, Supt.,* 2 Ohio St. 2d 36, had come to the conclusion that the common law plea of *nolo contendere* was a permissible plea in Ohio felony proceedings.

A careful examination of that case does not indicate that the court ruled upon this point precisely. The Supreme Court in its *per curiam* opinion did state that ''the procedure'' (in *Brookhart*) was unusual, but did not affect the validity of the proceedings. Nor did it constitute a denial of a fair trial. ''The procedure'' referred to was the agreement in open court between counsel for the defendant and the prosecutor that a full trial would not be necessary even though the defendant did not plead guilty; that the state would have to prove merely a *prima facie* case; that defendant would not contest the state's case; and that there would be no cross-examination of witnesses. The Supreme Court of Ohio did state, at page 40, the following: ''* * * petitioner could have pleaded guilty to these charg-

es * * * or he could have pleaded not guilty * * *. This he did not choose to do. However, petitioner chose a middle ground. In open court, while represented by counsel, petitioner agreed that, although he would not plead guilty, he would not contest the state's case or cross-examine its witnesses but would require only that the state prove each of the essential elements of the crime. * * * No presumption of guilt was created by such agreement. The state was required to prove all the essential elements of the offense. The court, from this evidence then determined the guilt of the accused. * * *''

The court went on to state in *Brookhart* v. *Haskins, supra,* that the petitioner agreed to the procedure in open court and, in effect, such agreement was as binding and enforceable upon him as a like agreement would have been in a civil action, citing the second paragraph of the syllabus in *State* v. *Robbins,* 176 Ohio St. 362, as follows:

''Agreements, waivers and stipulations made by persons accused of crimes, or by their counsel in their presence, during the course of a trial for crime, are, after the termination of the trial, as binding and enforceable upon such persons as like agreements, waivers and stipulations are upon parties to civil actions. (Paragraph four of the syllabus of *State, ex rel. Warner,* v. *Baer et al., Judges,* 103 Ohio St. 585, approved and followed.)''

The procedure provided under R. C. 2937.07 is entirely different from the procedure followed by the court in *Brookhart* v. *Haskins, supra.* There is no provision in this statute indicating that any affidavits or sworn testimony of any kind are to be presented. The wording ''explanation of circumstances'' in the *second* paragraph is not qualified in any way. However, it is reasonable to refer back to the first paragraph for the only qualifying phrases applicable to the phrase ''explanation of circumstances.'' In the *first* paragraph, the statute provides that after a plea of guilty is made the court or magistrate shall call for an ''explanation of circumstances'' of the offense *from the affiant, or complainant, or his representatives.* It is at this point that the judge or magistrate may make the finding

of guilty or not guilty. In the second paragraph of R. C. 2937.07, it is further stated that if guilt be found, the judge or magistrate shall impose or continue for sentence accordingly. The following further words complete the statute:

"Such plea shall not be construed to import an admission of any fact at issue in the criminal charge in any subsequent action or proceeding whether civil or criminal."

As stated in Schneider, Ohio Criminal Code, Section 7.4 (3rd ed. 1963):

"The 'no contest' plea is new to Ohio criminal procedure. Patterned somewhat on the federal 'nolo contendere' plea, it has slightly different consequences in that the court or magistrate, after hearing the circumstances, may still make a finding of not guilty. Its principal benefit is to permit a prompt disposition of the case on unsworn and hearsay testimony, thus obtaining the time advantages of a guilty plea without incurring the disadvantage of stipulation of negligence thereby."

Schneider, in the above section, then refers to the report of the Criminal Law Committee, in 31 Ohio Bar No. 19, page 432.

In the comment in the Ohio State Bar Association report referred to , concerning the "no contest" plea, it is stated:

"* * * This plea should have great value in cases of prosecutions for traffic offenses growing out of auto accidents. Presently the accused must defend at great trouble without any particular desire to do so, purely for the purpose of protecting his liability carrier. Or else the essentials of this plea are achieved by stipulation that defendant enters 'technical' not guilty plea—and consents to the finding of guilt without trial."

A consideration of the meaning of the phrase "explanation of circumstances" appears at the appellate level of the reported cases for the first time in this court. Interpreting R. C. 2937.07 as an effort by the Legislature to assist the courts in handling the avalanche of traffic cases,

we conclude that there is nothing necessary beyond the words of the statute which are as follows:

"* * * Upon a plea of guilty being received the court or magistrate shall call for explanation of circumstances of the offense from the affiant or complainant or his representatives, and after hearing the same, together with any statement of accused, shall proceed to pronounce sentence * * *.

"If the plea be 'no contest' or words of similar import in pleading to a misdemeanor, *it shall constitute a stipulation that the judge* or magistrate may make finding of guilty or not guilty from the explanation of circumstances * * *." (Emphasis added.)

Considering these two paragraphs *in pari materia*, we conclude that the phrase "explanation of circumstances" in the second paragraph of the above section is qualified by the words used in the first paragraph, to-wit: "* * * from the affiant, or complainant or his representatives, and after hearing the same, together with any statement of the accused * * *."

It would appear that the words "together with any statement of the accused" is not necessarily a part of the "explanation of circumstances." Nevertheless, in the case under consideration, the court did call upon the defendant to give a statement and the defendant actually did make a statement which the court had before it in making its finding of guilty.

In Schneider, Ohio Criminal Code, Section 10.1 (3rd. ed. 1963), the following appears:

"* * * Similarly where the plea is 'no contest,' the statement of circumstances is required. The complainant's statement serves a dual purpose. Where the plea is one of no contest, it is not only the basis of a finding of guilt or innocence, but also a statement in mitigation of penalty. * * *"

In Footnote 4 of the above, the further statement is made:

"The judge makes finding of guilt or innocence from the explanation of circumstances, an expression attaching

only to the complainant's—not the accused's—statement. The essence of the 'no contest' plea, is that the accused cannot be heard in defense. Thus any statement by him must be considered as in mitigation of penalty.''

Schneider's text, under Section 10.1, further states:

''The provision for statements from both sides of the controversy appears to be in substitution of the more formal allocution in common pleas court procedure which requires the court to ask the defendant whether he has anything to say as to why judgment should not be pronounced against him. (Revised Code Section 2947.05.)''

We approve this statement from Schneider's text.

Referring, now, to the precise words of R. C. 2937.07 indicating in the first paragraph the method by which the court shall obtain the ''explanation of circumstances,'' such section states ''* * * the court or magistrate shall call for explanation of circumstances * * *.'' We find that this statute has been complied with by the trial court through its reading of the officer's notes on the back page of the complaint itself to the defendant. The officer is the affiant, and whether he appears in person or whether his statement is read by the judge in open court, the procedure meets the requirements of the statute and satisfies its purposes.

By this procedure, the defendant is in no way prejudiced, delay is avoided, and the officer issuing the citation is not compelled to spend valuable time in the courtroom waiting for cases to be called.

The judgment of the Maumee Municipal Court is affirmed with costs to the defendant and the cause is remanded to such court for execution of sentence.

*Judgment affirmed.*

Potter, P. J., and Brown, J., concur.