[Cite as *State v. Czech*, 2015-Ohio-458.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                       Court of Appeals No. L-13-1141

    Appellee                                  Trial Court No. TRC-12-32135

v.

David Czech                                        **DECISION AND JUDGMENT**

    Appellant                                  Decided:  February 6, 2015

* * * * *

David Toska, City of Toledo Chief Prosecutor, and Henry Schaefer,
Assistant Prosecutor, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**JENSEN, J.**

{¶ 1} Appellant, David Czech, appeals from the judgment of the Toledo Municipal Court which found appellant guilty, after entering a plea of no contest, to one count of operating a motor vehicle while under the influence in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(b), a misdemeanor of the first degree.  For the reasons that follow, we reverse the judgment of the trial court.

{¶ 2} In the early morning hours of November 4, 2012, appellant was arrested while driving his vehicle through the Village of Ottawa Hills, Lucas County, Ohio. The arresting officer issued a complaint for operating a motor vehicle while under the influence ("OVI") in violation of R.C. 4511.19(A)(1)(a), open container in violation of R.C. 4301.62(B)(4), driving with a suspended license in violation of R.C. 4510.21(A), and "OVI Breath" in violation of R.C. 4511.19(A)(1)(d). Appellant was ordered to appear in the Toledo Municipal Court on November 8, 2012. He failed to appear and a bench warrant was issued.

{¶ 3} Appellant was served with the warrant on March 15, 2013, and arrested. Three days later, with the assistance of a public defender, appellant entered pleas of not guilty to all four counts of the complaint.

{¶ 4} When the case was called for trial on March 27, 2013, appellant entered a plea of no contest to one count of OVI in violation of R.C. 4511.19(A)(1)(a). The remaining charges were "off docketed." The trial court explained to appellant that by entering "[a] plea of no contest, though not admission of guilt, you are allowing this Court to accept as true all the information contained in the complaint and in all likelihood you would be found guilty." The court informed appellant of the potential penalties and inquired as to the voluntary nature of his plea. The court determined that the plea was made knowingly, voluntarily, and intelligently. Before entering a finding of guilt, the court indicated on the record that it had "review[ed] the complaint." It was then that the intern for the public defender's office brought to the court's attention that this was not

2.

appellant's first driving while intoxicated conviction. The intern requested a presentence investigation report. A brief discussion was held off the record. On the record, the court indicated it would review appellant's Bureau of Motor Vehicle ("BMV") records and recall the case later that day.

{¶ 5} When the case was recalled, the trial court stated, "All right, looks like second in six. That does change the penalties a little bit."[1] The trial court reviewed the potential penalties and asked appellant, again, whether he wished to enter a plea of no contest. Appellant indicated in the affirmative. The trial court stated, "Okay. Note that defendant has a conviction in 1980, 2007, 2011, two in 2006, one in 2008 and then now yet another one in 2012.[2] Defendant was supposed to have been here for his first appearance on November 8th, didn't bother to show up." Appellant was sentenced to 180 days in jail. The sentence was ordered to be served consecutive "to any other sentence the defendant is serving." The court ordered a fine of $525 and a class IV license suspension. The court further ordered an ignition interlock and restricted license plates on any vehicle driven by the appellant.

{¶ 6} On May 8, 2013, appellant wrote a letter to the trial judge asking for a stay on the sentence until October 15, 2013, so that he could "have time to retain an attorney to file an appeal."

---

[1] Contrary to the trial judge's in-court statement, the judge indicated on the journal that this was appellant's first OVI in six years.

[2] Appellant's BMV records were not made part of the record.

3.

**{¶ 7}** On June 5, 2013, the trial court held a "sentencing review." The trial court acknowledged that it failed to review his appellate rights with him at the March 27, 2013 plea hearing. The court informed appellant of his "automatic right to appeal" and stated

I sentenced you to a consecutive sentence because of your terrible driving history, your multiple D.U.I. offenses, you continue to drive even when you don't have a license. You are not even entitled – not only are you driving intoxicated, you don't even have a valid license for driving to begin with. For those reasons, the Court did sentence you consecutively to the other sentence you received from Judge Christiansen. So your request for modification of your sentence and/or for stay of your sentence is denied.

**{¶ 8}** Appellant informed the court that he "need[ed] a public defender." Appellate counsel was appointed. For good cause shown, we granted appellant's motion for delayed appeal. Appellant's counsel filed a "no merit" brief and requested leave to withdraw as counsel, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Upon review, we found one issue presented by counsel had arguable merit. We granted appointed counsel's motion for leave to withdraw and appointed attorney Laurel Kendall to represent appellant.

**{¶ 9}** Appellant's sole assignment of error is as follows:

The trial court committed reversible error when it found Appellant guilty without calling for an explanation of the circumstances as required by R.C. 2937.07, and without which there were no facts in evidence to

support the "reasonable, articulable suspicion of criminal activity" required for a traffic stop under the Fourth Amendment to the Constitution of the United States.

{¶ 10} The relevant version of R.C. 2937.07 became effective September 17, 2010. Am.Sub.H.B. No. 338, 2010 Ohio Laws 52. The section at issue is entitled "Action on pleas of 'guilty' and 'no contest' in misdemeanor cases" and reads, in relevant part, as follows:

If the offense is a misdemeanor and the accused pleads guilty to the offense, the court or magistrate shall receive and enter the plea unless the court or magistrate believes that it was made through fraud, collusion, or mistake. * * * Upon receiving a plea of guilty, the court or magistrate shall call for an explanation of the circumstances of the offense from the affiant or complainant or the affiant's or complainant's representatives unless the offense to which the accused is pleading is a minor misdemeanor in which case the court or magistrate is not required to call for an explanation of the circumstances of the offense. After hearing the explanation of circumstances, together with any statement of the accused or after receiving the plea of guilty if an explanation of the circumstances is not required, the court or magistrate shall proceed to pronounce the sentence or shall continue the matter for the purpose of imposing the sentence.

A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If the offense to which the accused is entering a plea of "no contest" is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or magistrate may base a finding on the facts alleged in the complaint. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly.

{¶ 11} The term "explanation of circumstances" is not defined by R.C. 2937.07. However, since the term was first utilized in former versions of the statute, both this court and the Ohio Supreme Court have reviewed its application and meaning. In *City of Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 459 N.E.2d 532 (1984), the Ohio Supreme Court considered whether the provision in R.C. 2937.07[3] requiring an "explanation of circumstances" following a plea of no contest had been superseded by the enactment of

---

[3] At the time, the relevant portion of R.C. 2937.07 provided that "[i]f the plea be 'no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge * * * may make a finding of guilty or not guilty from the explanation of circumstances and if guilt be found, impose or continue for sentence accordingly." *Bowers* at 150.

Crim.R. 11(B)(2).[4]  The *Bowers* court, adopting the reasoning of the Second District

Court of Appeals in *Springdale v. Hubbard*, 52 Ohio App.2d 255, 369 N.E.2d 808 (2d

Dist.1977), held that the rule did not supersede the statute because the statute confers a

substantive right.  *Id.*  The *Bowers* court concluded that "a no contest plea may not be the

basis for a finding of guilty without an explanation of circumstances."  *Id.*  Then, without

specifically defining the term, the *Bowers* court considered whether the trial court had

met the "explanation of circumstances" requirement when the record included papers and

documents evidencing a violation of the driving while intoxicated charge.  *Id.* The

*Bowers* court opined:

> The question is not whether the court could have rendered an
> explanation of circumstances sufficient to find appellant guilty based on the
> available documentation but whether the trial court made the necessary
> explanation in this instance.  Our review of the record indicates that no
> explanation of circumstances took place, notwithstanding the availability of
> documentary evidence that might have been the basis for meeting the
> statutory requirement.  Therefore, appellee's contention that the trial court
> fulfilled the obligations imposed by R.C. 2937.07 is without merit and the
> plea must be vacated.  *Id.* at 151.

---

[4] At the time, Crim.R. 11(B)(2) provided, "[t]he plea of no contest is not an admission of
defendant's guilt, but is an admission of the truth of the facts alleged in the indictment,
information or complaint * * *."  *Bowers* at 150.

7.

{¶ 12} We first considered the meaning of the term "explanation of circumstances" in *State v. Herman*, 310 Ohio App.2d 134, 138, 286 N.E.2d 296 (6th Dist.1971). We held that a judge could make a finding of guilty or not guilty from the explanation of circumstances, but that "the statute did not indicate or require sworn testimony." *Id.* at paragraph one of the syllabus. We found that "[a]n oral reading of the affiant officer's notes written on the back page of the affidavit setting forth the offense is a proper procedure, and meets the requirements of the statute that the court shall call for an 'explanation of circumstances,' even though the officer is not present." *Id.* at paragraph three of the syllabus.

{¶ 13} In *City of Huron v. Bryant*, 6th Dist. Erie No. E-90-71, 1991 WL 325734 (Dec. 6, 1991), we vacated a defendant's conviction for driving under the influence and driving under a suspended operator's license. We found, despite the defendant's waiver of the reading of the reports in the matter, that the trial court "failed to state what he considered to be the explanation of circumstances in finding Bryant guilty." *Id.* at *3. Interpreting *Bowers*, we opined that "the record must indicate that the court considered sufficient evidence as an explanation of circumstances as a basis for finding a defendant guilty following a no contest plea." *Id.* at *3.

{¶ 14} In *State v. Parsons*, 6th Dist. Wood No. WD-99-022, 2000 WL 281744 (Mar. 17, 2000), we found that the trial court failed to follow the mandates of R.C. 2937.07 when, "although appellant stipulated to the facts in the amended complaint, no

8.

explanation of circumstances was officially entered from which the trial court could make its findings." *Id.* at *2.

{¶ 15} In *State v. Muhammad,* 6th Dist. Lucas No. L-00-1263, 2001 WL 1636436 (Dec. 21, 2001), we upheld trial court's finding of guilt upon the defendant entering a plea of no contest when the record revealed that the defendant admitted the facts as presented by the state. *Id.* at *3. We held that "[d]ocumentary evidence may suffice as an explanation of the circumstances supporting the charge, provided the record demonstrates that the trial court actually considered that evidence in determining an accused's guilt or innocence." *Id.*, citing *Bowers*, 9 Ohio St.3d at 150-151, 459 N.E.2d 532; *Chagrin Falls v. Katelanos*, 54 Ohio App.3d 157, 159, 561 N.E.2d 992 (8th Dist.1988).

{¶ 16} In *State v. Herbst*, 6th Dist. Lucas No. L-03-1238, 2004-Ohio-3157, we vacated the trial court's finding of guilty following the defendant's plea of no contest to driving under the influence of alcohol. Upon examination of the record we found that the trial court had offered "no explanation of what circumstances gave rise to [the] finding of guilty." *Id.* at ¶ 17. We explained that "an explanation of circumstances is mandatory and must have enough information to support all the essential elements of the offense. It cannot be presumed from a silent record." *Id.* at ¶ 16.

{¶ 17} In *State v. Sabo*, 6th Dist. Lucas No. L-08-1452, 2009-Ohio-6979, we reversed the appellant's conviction finding, in part, that the trial court failed to meet the mandatory requirements set forth in R.C. 2937.07. There, the trial court did not address

9.

the accused upon counsel's statement that his client wished to "enter a plea of no contest, consent to a finding [of] guilt to the charges set forth in this matter." In *Sabo*, we implied that the trial court's reference to the charge in the complaint was insufficient to meet the requirements of R.C. 2937.07 when we held, "the record shows that the trial court did not give an explanation of the circumstances supporting appellant's no contest plea * * *." *Id.* at ¶ 31.

{¶ 18} Most recently, in *State v. Pugh*, 6th Dist. Erie No. E-11-014, 2012-Ohio-829, we explained that the "explanation of circumstances" provision "contemplates some explanation of the facts surrounding the offense [so] that the trial court does not make a finding of guilty in a perfunctory fashion." *Id.* at ¶ 11. We held that the explanation "necessarily involves, at a minimum, some positive recitation of facts which, if the court finds them to be true, would permit the court to enter a guilty verdict and a judgment of conviction on the charge to which the accused has offered a plea of no contest." *Id.*, citing *State v. Osterfeld*, 2d Dist. No. 20677, 2005-Ohio-3180, ¶ 6. We determined that "[a]n explanation that merely restates the statutory elements of the offense is not sufficient." *Id.*, citing *State v. McGlothin*, 2d Dist. No. 13460, 1993 WL 32023, *2 (Feb. 10, 1993).

{¶ 19} In this case, the trial court entered a finding of guilt following a no contest plea. The finding was made after the trial court noted, on the record, that it had "review[ed] the complaint." The state asserts that the trial court's review of the complaint satisfies the "explanation of the circumstances" requirement set forth in R.C. 2937.07. We

10.

disagree. Appellant entered a plea to a misdemeanor of the first degree. Thus, under a plain reading of the statute, the trial court was not authorized to base a finding of guilty on the facts alleged in the complaint. Rather, such finding could only be made after he called for an "explanation of the circumstances of the offense." The trial court's reference that it had reviewed the complaint was insufficient under the current statute and contrary to this court's interpretation of the term "explanation of circumstances."

{¶ 20} The trial court's error was more than a procedural error, the trial court made its finding of guilt in a perfunctory fashion, contrary to the Supreme Court's holding in *Bowers*, 9 Ohio St.3d at 150, 459 N.E.2d 532, and in violation of the substantive right conferred by R.C. 2937.07. Thus, appellant's sole assignment of error is well-taken.

{¶ 21} For the reasons set forth above, the judgment of the Toledo Municipal Court is reversed. We remand this matter to the trial court for further proceedings consistent with this decision. Costs of this appeal are taxed to appellee pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

11.

Mark L. Pietrykowski, J.                       _____

                                                      JUDGE

Thomas J. Osowik, J.

                                         _____

James D. Jensen, J.                              JUDGE
CONCUR.

                                         _____

                                         JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.