[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 630.]

THE STATE OF OHIO, APPELLANT, *v*. WADDELL, APPELLEE.

[Cite as *State v. Waddell*, 1995-Ohio-31.]

*Criminal procedure—Determination whether court must consider accused's statement before accepting a no contest plea to a misdemeanor offense— R.C. 2937.07, construed.*

In the case of a no contest plea to a misdemeanor offense, a court may make its finding from the explanation of circumstances by the state. The court is required to consider the accused's statement only where the plea is guilty. (R.C. 2937.07, construed.)

(No. 93-265—Submitted January 24, 1995—Decided March 29, 1995.)

CERTIFIED by the Court of Appeals for Hocking County, No. 91 CA 16.

————————————

{¶ 1} Brent Waddell, defendant-appellee, was cited for improperly crossing a divided roadways' median, a minor misdemeanor, in violation of R.C. 4511.35. At his arraignment, appellee pled no contest to the charge, and the case proceeded to trial. Following the conclusion of the arresting officer's statement, the court found appellee guilty. Appellee then made an unsolicited statement, which the court discounted due to appellee's prior driving record. Appellee was convicted and fined accordingly. The court of appeals, in a two-to-one decision, reversed the trial court. It held that R.C. 2937.07 requires a statement from the accused after an explanation of circumstances by the state, and prior to judgment. Finding its judgment to be in conflict with the decision of the Sixth District Court of Appeals in *State v. Herman* (1971), 31 Ohio App.2d 134, 60 O.O.2d 210, 286 N.E.2d 296, and the judgment of the Tenth District Court of Appeals in *State v. McMillen* (Mar. 16, 1989), Franklin App. No. 88AP-477, unreported, the appellate court certified the record of the case to this court for review and final determination.

———————————

*Charles A. Gerken*, Hocking County Prosecuting Attorney, and *Jeffrey F. Bender*, Assistant Prosecuting Attorney, for appellant.

———————————

**FRANCIS E. SWEENEY, SR., J.**

**{¶ 2}** In this case we are asked to determine whether a court must consider an accused's statement before accepting a no contest plea to a misdemeanor offense. We hold R.C. 2937.07 requires that a court need only consider the explanation of circumstances by the state before it passes judgment. While a court may certainly consider a statement from the accused, it is not required to do so.

**{¶ 3}** To decide this issue, we are asked to construe R.C. 2937.07. R.C. 2937.07 contains two paragraphs--the first dealing with the procedure required by the court before accepting a guilty plea in misdemeanor cases, and the second detailing the necessary procedure before the court accepts a no contest plea in misdemeanor cases.

**{¶ 4}** The first paragraph of R.C. 2937.07 provides in part:

"Upon a *plea of guilty* [to a misdemeanor offense] being received the court or magistrate shall call for explanation of circumstances of the offense from the affiant or complainant or his representatives, and after hearing the same, *together with any statement of the accused*, shall proceed to pronounce sentence * * *." (Emphasis added.)

**{¶ 5}** The second paragraph of R.C. 2937.07 provides:

"If the plea be *'no contest'* * * * to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly * * *." (Emphasis added.)

**{¶ 6}** To properly construe this statute, we must first look at the express wording of the statute. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 65

O.O.2d 296, 304 N.E.2d 378. Courts must give effect to the words of a statute and may not modify an unambiguous statute by deleting words used or inserting words not used. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 218, 574 N.E.2d 457, 461. Simply stated, "an unambiguous statute means what it says." *Hakim v. Kosydar* (1977), 49 Ohio St.2d 161, 164, 3 O.O.3d 211, 213, 359 N.E.2d 1371, 1373, citing *Chope v. Collins* (1976), 48 Ohio St.2d 297, 300, 2 O.O.3d 442, 444, 358 N.E 2d 573, 575, fn. 2.

{¶ 7} In our view, the unambiguous language of R.C. 2937.07 clearly states that in the case of a no contest plea to a misdemeanor offense, a court may make its finding from the explanation of circumstances by the state. The court is required to consider the accused's statement only where the plea is guilty. This is evident from the fact that the "together with any statement of accused" clause in the first paragraph of the statute is noticeably absent from the second paragraph, which deals with no contest pleas. Had the General Assembly intended for this requirement to apply to no contest pleas, then appropriate language would have been inserted in the second paragraph. Thus, according to the statute, the trial court did not have to consider the accused's statement, and appellee received all that the statute required[1].

{¶ 8} The judgment of the court of appeals is reversed, and appellee's conviction is reinstated.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, PFEIFER and COOK, JJ., concur.

_____

1. In fact, by allowing appellee to make a statement, appellee received more than what the statute required.