Defendant-appellant, Richard Phelps, a/k/a Dave Nelson, appeals the judgment of the Cuyahoga Court of Common Pleas finding him guilty of burglary, in violation of R.C. 2911.12, and sentencing him to a two-year prison term to be served consecutive to a one to fifteen year prison term appellant is currently serving in West Virginia. Finding merit to appellant's appeal, we reverse the judgment of the trial court and remand the matter for re-sentencing consistent with this opinion.
On July 12, 1999, appellant was indicted on one count of burglary, in violation of R.C. 2911.12, one count of theft, in violation of R.C. 2913.02, and one count of possession of criminal tools, in violation of R.C. 2923.24. On September 7, 1999, pursuant to a plea agreement, appellant pled guilty to burglary and the remaining counts were nolled.
On September 15, 1999, the trial court sentenced appellant to a two-year prison term, such term of incarceration to be served consecutive to a one to fifteen year prison term appellant is currently serving in West Virginia. Thereafter, appellant filed a motion to correct the record to reflect that appellant's two-year sentence was to be served concurrent with his current term of imprisonment in West Virginia. On September 20, 1999, the trial court denied appellant's motion. Appellant timely appealed, assigning two assignments of error for our review:
 I. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT TO A TWO YEAR PRISON TERM CONSECUTIVELY WITH A ONE TO FIFTEEN YEAR SENTENCE IN ANOTHER STATE, WHERE R.C. 2929.41(A) MANDATES THAT A SINGLE TERM OF IMPRISONMENT BE SERVED CONCURRENTLY WITH A PRIOR TERM OF IMPRISONMENT IMPOSED BY ANOTHER STATE COURT.
 II. THE TRIAL COURT ERRED BY SENTENCING DEFENDANT-APPELLANT TO A TWO YEAR PRISON TERM CONSECUTIVELY WITH A ONE TO FIFTEEN [YEAR TERM] WITHOUT MAKING THE NECESSARY FINDINGS OF FACT MANDATED BY R.C. 2929.14(E)(4) AND WITHOUT STATING THE COURT'S REASONS PURSUANT TO R.C. 2929.19(B)(2)(c).
In his first assignment of error, appellant contends that the trial court erred in imposing a two-year prison term consecutive to the one to fifteen year term of incarceration he is currently serving in West Virginia.
R.C. 2929.41 provides:
 (A) Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. * * * (Emphasis added).
Thus, unless any of the exceptions provided for in the statute applies to appellant, the trial court erred in sentencing appellant to consecutive sentences.
Appellant contends, and the state concedes, that none of the exceptions apply to appellant. R.C. 2929.41(B) addresses the consecutive nature of misdemeanor prison terms, not felony terms of which appellant was convicted, and thus does not apply to appellant. R.C. 2971.03, which governs sentencing of sexually violent offenders, similarly does not apply to appellant.
With respect to R.C. 2929.14(E), divisions (E)(1) through (E)(3) are clearly inapplicable to appellant. These divisions mandate consecutive sentences where a firearm is used to commit an offense, R.C. 2929.14(E)(1); where the offender is an inmate at the time of the offense, R.C. 2929.14(E)(2); and where the offender committed aggravated robbery, R.C. 2929.14(E)(3). None of those considerations are relevant here.
R.C. 2929.14(E)(4) governs the trial court's authority to order consecutive prison terms for multiple offenses, and provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public * * *.
Absent ambiguity, the plain meaning of a statute must guide an appellate court's interpretation. State ex rel. Pennington v.Gundler (1996), 75 Ohio St.3d 171; State v. Waddell (1995),71 Ohio St.3d 630 . Here, the plain meaning of the words multiple offenses means two or more offenses committed in Ohio. An Ohio court may not use an out-of-state offense or conviction to meet the multiple offenses criterion of R.C. 2929.14(E)(4).
Accordingly, none of the exceptions set forth in R.C.2929.41(A) apply to appellant. The trial court erred, therefore, in ordering that appellant's two-year term of incarceration be served consecutive to his one to fifteen year term of incarceration in West Virginia.
Appellant's first assignment of error is sustained. The judgment of the trial court is vacated and the matter is remanded for sentencing consistent with this opinion.
In light of our disposition of appellant's first assignment of error, appellant's second assignment of error is moot and we need not address it. See App.R. 12(A)(1)(c).
This cause is reversed and the matter is remanded for sentencing.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
DIANE KARPINSKI, P.J., and LEO M. SPELLACY, J., CONCUR.
 _______________________ JAMES D. SWEENEY, JUDGE