This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Russell Bennett, appeals from the decision of the Cuyahoga Falls Municipal Court. We reverse and remand.
{¶ 2} On April 17, 2002, Mr. Bennett was issued a summons for the following violations: two counts of operating under the influence, in violation of R.C. 4511.19(A)(1) and 4511.19(A)(3); two counts of driving under suspension, in violation of R.C. 4507.02(A)(1) and 4507.02(B)(1); one count of failure to drive in marked lanes, in violation of Stow Codified Ordinances 331.08; and one count of failure to comply, in violation of R.C. 2921.33.1(B). At the arraignment, Mr. Bennett pled not guilty. A pretrial hearing was held on May 20, 2002. Mr. Bennett, without counsel, changed his plea to no contest to the charges of operating under the influence, in violation of R.C. 4511.19(A)(1), a first degree misdemeanor, and driving under suspension, in violation of R.C.4507.02(B)(1), a first degree misdemeanor.
{¶ 3} The trial court found Mr. Bennett guilty of operating under the influence and driving under suspension. The remaining charges were dismissed. On the charge of operating under the influence, the trial court sentenced Mr. Bennett to 180 days in the county jail and a fine of one thousand dollars. The trial court suspended $500.00 of the fine and ordered house arrest until Mr. Bennett could enter the thirty-day Multiple Offender Program. On the charge of driving under suspension, the trial court sentenced Mr. Bennett to thirty days in jail and a fine of one thousand dollars. The trial court then suspended the time in jail on the condition that Mr. Bennett not drive without a proper license, and suspended $750.00 of the fine on the condition that Mr. Bennett pay $250.00 and court costs. In addition, the trial court suspended Mr. Bennett's driver's license for a year, immobilized his wife's vehicle for thirty days, and ordered Mr. Bennett to obey all laws for two years.
{¶ 4} On May 31, 2002, Mr. Bennett's counsel filed a motion to withdraw his plea and a motion to stay the sentence. On June 3, 2002, the trial court denied the motion to withdraw the plea and granted the stay for thirty days. The trial court conducted a hearing and on July 5, 2002, the sentence was imposed. It is from this order that Mr. Bennett appeals.
 First Assignment of Error
{¶ 5} "THE COURT ERRED TO THE PREJUDICE OF DEFENDANT BY FINDING DEFENDANT GUILTY WITHOUT AN EXPLANATION OF CIRCUMSTANCES AFTER A PLEA OF NO CONTEST."
{¶ 6} In his first assignment of error, Mr. Bennett asserts that the trial court erred by finding him guilty without an explanation of the circumstances after a plea of no contest. We agree.
{¶ 7} R.C. 2937.07 states in pertinent part:
{¶ 8} "If the plea be `no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly."
{¶ 9} In Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 151, the Ohio Supreme Court held that R.C. 2937.07 confers a substantive right, and, therefore, a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances. Subsequently, the Ohio Supreme Court held that "the unambiguous language of R.C. 2937.07
clearly states that in the case of a no contest plea to a misdemeanor offense, a court may make its finding from the explanation of the circumstances by the state." State v. Waddell (1995), 71 Ohio St.3d 630,631. The holding in Waddell does not mandate that the trial court read into the record its reasoning for finding the defendant guilty; rather, the record must reveal an explanation of the circumstances by the state. See State v. Murphy (1996), 116 Ohio App.3d 41, 45. It cannot be presumed from a silent record that the trial court complied with the requirements of R.C. 2937.07. State v. Schniable (Apr. 9, 1997), 7th Dist. No. 95-CO-60. See, also, Bowers, 9 Ohio St.3d at 151. Where the record indicates that none of the essential elements of the offense were set forth, the defendant was improperly convicted. Id.
{¶ 10} The record in this case discloses that the trial judge explained to Mr. Bennett the consequences of pleading no contest. Subsequently, the following discussion took place:
{¶ 11} "[JUDGE]: How do you plead to those charges?
{¶ 12} "MR. BENNETT: No contest, Your Honor.
{¶ 13} "[JUDGE]: I'd like for you to sign a written waiver of those rights, Russell, so that we have a record for the file, please.
{¶ 14} "I note you executed that waiver. I accept your pleas of no contest and I enter findings of guilt."
{¶ 15} There was no explanation, by the trial court or the prosecution, of the circumstances of the offenses of operating under the influence or driving under suspension. The trial judge mentioned later in the transcript that he looked at the record and noted that Mr. Bennett was driving at 1:47 a.m. at the time he was pulled over. This is insufficient to meet the requirements of R.C. 2937.07. Because the record indicates that the essential elements of the offenses were not set forth, Mr. Bennett was improperly convicted. Accordingly, Mr. Bennett's first assignment of error is sustained.
 Second Assignment of Error
{¶ 16} "THE TRIAL COURT ERRED, TO THE PREJUDICE OF DEFENDANT, BY NOT ALLOWING DEFENDANT TO WITHDRAW HIS PLEA OF NO CONTEST."
{¶ 17} Given this Court's disposition of Mr. Bennett's first assignment of error, we will not address his second assignment of error.
{¶ 18} Mr. Bennett's first assignment of error is sustained. The judgment of the Cuyahoga Falls Municipal Court is reversed and the cause remanded for further proceedings consistent with this opinion.
SLABY, P.J. and WHITMORE, J. CONCUR.