OPINION
{¶ 1} Tony Roland was charged with misdemeanor counts of vehicular homicide and failure to stop for a red light. He pleaded no contest to the vehicular homicide charge and was found guilty. After referral for a pre-sentence investigation, he was sentenced to six months incarceration with ninety days suspended. Roland was fined $1,000 and costs and placed on five-years probation with general and particularized conditions. The court also imposed a five-year license suspension. Restitution was not requested and, therefore, not ordered because damages occasioned by the vehicular homicide are being pursued in a civil action. The trial court and this court overruled Roland's motion for an appeals bond and he has served ninety days incarceration.
 {¶ 2} Roland's first assignment of error asserts:
 {¶ 3} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT ON HIS PLEA OF NO CONTEST WITHOUT FIRST TAKING AN EXPLANATION OF THE CIRCUMSTANCES AS REQUIRED BY R.C. 2937.07."
 {¶ 4} In this assignment, Roland contends that the trial court's finding of guilty upon his plea of no contest is invalid because the court failed to base its finding upon an explanation of circumstances, as required by R.C. 2937.07, and which states in part:
 {¶ 5} "A plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense."
 {¶ 6} The State responds by observing that the court had the officer's offense report, that Roland stipulated that he would be found guilty, and that Roland — by counsel — either waived the requirement of the explanation of circumstances by not insisting upon it or — by not insisting upon it — invited the court's error in not considering the explanation of circumstances.
 {¶ 7} Following City of Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148, we have held that a defendant has a substantive right to be discharged by a finding of not guilty where "no explanation of circumstances is made." State v. Keplinger (Nov. 13, 1998), Greene App. No. 98 CA 24. Following Bowers, we also held that the explanation of circumstances requirement "is not satisfied by a presumption that the court was aware of facts which may be gleaned from a review of `the available documentation.'" Id. Hence, the fact that the court had the officer's offense report in its file did not dispense with the requirement that the record reflect that the court considered the offense report, i.e., the explanation of circumstances, before finding Roland guilty. Id., Bowling Green v. Schabel (Dec. 9, 2005), Wood App. No. WD-05-013, 2005-Ohio-6522.
 {¶ 8} At the time he pleaded no contest, Roland executed a written "waiver of rights and entry of plea" form that stated in part:
 {¶ 9} "I am pleading (NO CONTEST — stipulation of Guilt) (GUILTY) to the charge of Vehicular Homicide." Before Roland entered his plea, the following occurred among him, his counsel, and the court:
 {¶ 10} "THE COURT: . . . Mr. Roland, it's my understanding you're wanting to change your plea to the charge of vehicular homicide.
 {¶ 11} "THE DEFENDANT: Yes.
 {¶ 12} "THE COURT: Okay. And what plea would you like to enter?
 {¶ 13} "THE DEFENDANT: No contest.
 {¶ 14} "THE COURT: With an agreement to be found guilty?
 {¶ 15} "THE DEFENDANT: Yes.
 {¶ 16} "MR. MAYHALL (defense counsel): Yes.
 {¶ 17} "THE COURT: Okay."
 {¶ 18} In our judgment, Roland's "agreement to be found guilty" was no more than his agreement to be found guilty in accordance with R.C. 2937.07, i.e., if the explanation of circumstances justified that finding. The "stipulation of guilt" in the waiver form quoted above was not the functional equivalent of a guilty plea. Indeed, "GUILTY," which immediately follows "stipulation of guilt," is crossed out. In any event, we believe Roland's "agreement to be found guilty," made in the colloquy with the trial court, trumps the "stipulation of guilt" contained in the written waiver.
 {¶ 19} Turning to the State's claims of waiver or invited error, we find that both misdemeanor cases cited are distinguishable. In North Ridgeville v. Roth (Aug. 25, 2004), Lorain App. No. 03 CA 008396, 2004-Ohio-4447, defendant's counsel "explicitly waived the reading of the facts." Likewise, in Cityof Cleveland v. Serrano (Nov. 10, 1999), Cuyahoga App. No. 74552, defendant's counsel "waived the presentation of the evidence, and stipulated to a finding of guilt. . . ." Here, there was no waiver of the explanation of circumstances and, in our judgment, no "stipulat(ion) to a finding of guilt" without need for reference to the explanation of circumstances.
 {¶ 20} Given the affirmative duty imposed upon the trial court by R.C. 2937.07 to obtain an explanation of circumstances, we do not think Roland's counsel either waived that requirement or invited the court's error by merely remaining silent and not insisting that the court perform its statutory duty.
 {¶ 21} We are constrained to sustain the first assignment.
 {¶ 22} "2. THE TRIAL COURT'S FAILURE TO ANNOUNCE ITS VERDICT IN OPEN COURT DENIED THE APPELLANT HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY AMENDMENT XIV TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 2 AND 16 OF THE OHIO CONSTITUTION."
 {¶ 23} Roland contends the trial court was required to announce its guilty finding in open court. We believe the record demonstrates that the trial court did so. At the conclusion of the plea proceeding, the following occurred:
 {¶ 24} "PROSECUTOR WEITHMAN: I have a question, Your Honor —
 {¶ 25} "THE COURT: Okay.
 {¶ 26} "PROSECUTOR WEITHMAN: — that comes to mind. I'm assuming since the Court took the sentence — is setting it down for sentencing and took a no contest plea that the Court is finding the defendant guilty here?
 {¶ 27} "I don't remember —
 {¶ 28} "THE COURT: He agreed to be found guilty.
 {¶ 29} "PROSECUTOR WEITHMAN: Okay.
 {¶ 30} "THE COURT: He stipulated to the finding of guilt. Yes. So . . . okay." (Emphasis ours).
 {¶ 31} Although the guilty finding was improperly made — see first assignment — we are satisfied that the trial court, if so obligated, announced its guilty finding in open court.
 {¶ 32} The second assignment is overruled.
 {¶ 33} "3. THE COURT BELOW ERRED IN SENTENCING THE DEFENDANT FOR A RED LIGHT VIOLATION WHEN THE DEFENDANT HAD NOT BEEN CONVICTED OF THAT OFFENSE."
 {¶ 34} Although he was charged with a red light violation, the plea proceeding was limited to the vehicular homicide charge. A different judge presided over disposition of the charges and imposed a $150 fine and costs for the red light violation. The State agrees that absent a conviction on the stoplight violation, it was error to assess a fine and costs on that charge.
 {¶ 35} The third assignment is sustained.
 {¶ 36} Pursuant to our disposition of the first assignment, Roland's vehicular homicide conviction will be reversed and he will be discharged on that charge. Pursuant to our disposition of the third assignment, any fine and costs assessed will be vacated as imposed prematurely.
Fain, J. and Glasser, J., concur.
(Hon. George M. Glasser retired from the Sixth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).