[Cite as *State v. Schornak*, 2015-Ohio-3383.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2014-CA-59 |
| | : | |
| v. | : | Trial Court Case No. 2014-CRB-1108 |
| | : | |
| DONALD G. SCHORNAK | : | (Criminal Appeal from Municipal Court) |
| | : | |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of August, 2015.

. . . . . . . . . . .

RONALD C. LEWIS, Atty. Reg. No. 0061980, City Prosecutor's Office, 101 North Detroit Street, Xenia, Ohio 45385
  Attorney for Plaintiff-Appellee

WILMER J. DECHANT, JR., Atty. Reg. No. 0085084, 3836 Dayton-Xenia Road, Beavercreek, Ohio 45432
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Donald G. Schornak, appeals from his conviction in the Xenia Municipal Court following his no-contest plea to one count of animals at large. Schornak challenges the trial court's decision finding him guilty after he pled no contest, and also alleges his trial counsel was ineffective. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On July 11, 2014, Schornak was charged with 15 counts of animals at large in violation of R.C. 951.02, all misdemeanors of the fourth degree. The charges arose after police discovered 15 of Schornak's cattle roaming free near a public roadway, as well as in a soybean field located in Jasper Township. After entering into a plea agreement, Schornak pled no contest to one count in exchange for the remaining 14 counts being dismissed. Schornak, who was represented by counsel at the plea hearing, stipulated on the record that there were sufficient circumstances upon which the trial court could make a guilty finding. A representative for the State did not appear at the plea hearing.

{¶ 3} Prior to entering its guilty verdict, the trial court stated the date, time, and location of Schornak's offense. The trial court also confirmed with Schornak that there was a hole in his fence where his cattle had escaped. Thereafter, the trial court stated:

> Based on your no contest plea and [your counsel's] stipulation with your
> specific consent, I will make a finding of guilty. Additionally, I've
> independently reviewed the citation—the complaint, the citation, and report

and there is sufficient evidence to make the finding of guilty which I have made.

Trans. (Dec. 1, 2014), p. 5.

**{¶ 4}** After entering its guilty verdict, the trial court sentenced Schornak to 30 days in jail, all of which were suspended on the condition that he not commit any similar violations for a period of five years. The trial court also imposed a $150 fine. Schornak now appeals from his conviction, raising two assignments of error for review.

## First Assignment of Error

**{¶ 5}** Schornak's First Assignment of Error is as follows:

THE TRIAL COURT ERRED BY FINDING MR. SCHORNAK GUILTY OF LIVESTOCK AT LARGE BY NOT COMPLYING WITH THE REQUIREMENTS OF A NO CONTEST PLEA.

**{¶ 6}** Under his First Assignment of Error, Schornak contends his no-contest plea to animals at large should be overturned and his conviction reversed because the trial court failed to obtain an explanation of the circumstances of the offense prior to finding him guilty as required by R.C. 2937.07. Specifically, Schornak claims that neither his stipulation, nor the documentary evidence reviewed by the trial court, satisfied the explanation requirement.

**{¶ 7}** Pursuant to R.C. 2937.07, a trial court "may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." The explanation of circumstances "serves as the evidence upon which the trial court is to base its finding of guilty or not guilty." *State v. Stewart*, 2d Dist. Montgomery No. 19971, 2004-Ohio-3103,

*3. "Section 2937.07 'confers a substantive right on the accused to be discharged by a finding of not guilty where the "explanation of circumstances" that the statute requires fails to establish all of the elements of the offense,' or where no explanation of circumstances is made at all." *State v. Osterfeld*, 2d Dist. Montgomery No. 20677, 2005-Ohio-3180, ¶ 6, quoting *State v. Keplinger*, 2d Dist. Greene No. 98-CA-24, 1998 WL 864837, *1 (Nov. 13, 1998).

{¶ 8} While "[t]he State bears the burden to ensure that an explanation of circumstances appears on the record before a conviction is entered[,]" *Id.*, it is immaterial who actually states the explanation on the record. *See Keplinger* at *2 (finding the court, an arresting officer, or even the accused may make the necessary explanation). *Accord State v. Murphy*, 116 Ohio App.3d 41, 45, 686 N.E.2d 553 (9th Dist.1996) ("whether the court or the prosecutor recites the explanation into the record is immaterial"). However, "the record must affirmatively demonstrate that a sufficient explanation of circumstances was made." *Keplinger* at *2.

{¶ 9} "Although R.C. 2937.07 does not define the phrase 'explanation of circumstances,' it requires evidence sufficient to demonstrate the accused's criminal liability for the offense charged." (Citation omitted.) *Osterfeld* at ¶ 6. The requirement " 'does not mandate that sworn testimony be taken but instead only contemplates some explanation of the facts surrounding the offense [so] that the trial court does not make a finding of guilty in a perfunctory fashion.' " *State v. Schroyer*, 2d Dist. Montgomery No. 21659, 2007-Ohio-4573, ¶ 6, quoting *State v. Jasper*, 2d Dist. Greene No. 2005 CA 98, 2006-Ohio-3197, ¶ 32, citing *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 151, 459 N.E.2d 532 (1984).

{¶ 10} The explanation of circumstances requirement "is not satisfied by a presumption that the court was aware of facts which may be gleaned from a review of 'the available documentation.' " *Keplinger*, 2d Dist. Greene No. 98-CA-24, 1998 WL 864837 at *3, quoting *Bowers* at 151. *Accord State v. Roland*, 2d Dist. Champaign No. 2005 CA 39, 2006-Ohio-3517 at ¶ 7. "Rather, an 'explanation of circumstances' necessarily, involves, at a minimum, some positive recitation of facts which, if the court finds them to be true, would permit the court to enter a guilty verdict and a judgment of conviction on the charge to which the accused has offered a plea of no contest. Lacking that, the [d]efendant must be found not guilty." *Id.*, citing *Bowers* at 151.

{¶ 11} Nevertheless, "[d]ocumentary evidence may suffice as an explanation of the circumstances supporting the charge, provided the record demonstrates that the trial court actually considered that evidence in determining [the] [d]efendant's guilt or innocence." *State v. Mazzone*, 2d Dist. Montgomery No. 18780, 2001 WL 1141822, *2 (Sept. 28, 2001), citing *Bowers* and *Chagrin Falls v. Katelanos*, 54 Ohio App.3d 157, 159, 561 N.E.2d 992 (8th Dist.1988). *See also Roland* at ¶ 7 ("the fact that the court had the officer's offense report in its file did not dispense with the requirement that the record reflect that the court considered the offense report, i.e., the explanation of circumstances, before finding [the defendant] guilty"). For example, in *Mazzone*, we affirmed the trial court's guilty finding and thus found a sufficient explanation of circumstances where the State submitted documentary evidence supporting the guilty finding and the trial court stated that it had based its finding on that evidence. *Id.* at *1-2; *but see State v. Wright*, 7th Dist. Columbiana No. 06 CO 21, 2007-Ohio-4978, ¶ 43 (holding the explanation of circumstances requirement was not satisfied based on the trial court's statement that it

had reviewed a LEADS printout because neither the court nor the State read the printout into the record).

{¶ 12} Many courts have also held that the explanation of circumstances requirement may be waived. *See Broadview Heights v. Burrows*, 8th Dist. Cuyahoga No. 79161, 2001 WL 1174264, *2 (Oct. 4, 2001); *State v. Smyers*, 5th Dist. Muskingum No. CT03-0039, 2004-Ohio-851, ¶ 12; *State v. Ritch*, 4th Dist. Scioto No. 97CA2491, 1998 WL 282970, *3 (May 11, 1998); *North Ridgeville v. Roth*, 9th Dist. Lorain No. 03CA008396, 2004-Ohio-4447, ¶ 12; *State v. Howell*, 7th Dist. Mahoning No. 04 MA 31, 2005-Ohio-2927, ¶ 20. However, we have held that an offender's stipulation of guilt upon pleading no contest does not by itself waive the requirement. *See Roland* at ¶18-20 (finding defendant's stipulation to be found guilty following a no-contest plea was no more than his agreement to be found guilty in accordance with R.C. 2937.07, which requires the trial court to obtain an explanation of the circumstances). For instance, in *Roland*, we noted that while there was a stipulation to a finding of guilt, "there was no wavier of the explanation of circumstances and, in our judgment no 'stipulat(ion) of a finding of guilt' without need for reference to the explanation of the circumstances." *Id*. at ¶ 19.

{¶ 13} As stated previously, Schornak claims the trial court failed to satisfy the explanation of circumstances requirement in R.C. 2937.07 when it found him guilty of animals at large in violation of R.C. 951.02 following his no-contest plea. Pursuant to that statute:

No person, who is the owner or keeper of horses, mules, cattle, bison, sheep, goats, swine, llamas, alpacas, or geese, shall permit them to run at

large in the public road, highway, street, lane, or alley, or upon unenclosed land, or cause the animals to be herded, kept, or detained for the purpose of grazing on premises other than those owned or lawfully occupied by the owner or keeper of the animals.

For the offense to carry criminal liability, the offender must have "recklessly violated section 951.02 of the Revised Code." R.C. 951.99. "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

{¶ 14} With these principles in mind, Schornak first contends his stipulation that there were sufficient circumstances in the record to find him guilty does not satisfy the explanation of circumstances requirement in R.C. 2937.07. After reviewing the record, we agree that the stipulation in this case does not relieve the trial court of its duty to obtain an explanation of the circumstances before rendering a guilty verdict on Schornak's no-contest plea. Schornak's stipulation was essentially the same as that discussed in *Roland*, 2d Dist. Champaign No. 2005 CA 39, 2006-Ohio-3517, wherein the defendant stipulated to a finding of guilty upon entering his no-contest plea. Like the defendant in *Roland*, Schornak never explicitly waived the explanation of circumstances requirement. In other words, while Schornak agreed there were sufficient circumstances to find him guilty, he never waived the trial court's statutory duty to obtain an explanation of those circumstances as required by R.C. 2937.07. Therefore, in following *Roland*, we agree that the stipulation in this case did not relieve the trial court of its duty to obtain an explanation of the circumstances before entering its guilty verdict.

{¶ 15} Next, Schornak contends the documentary evidence reviewed by the trial court was insufficient to satisfy the explanation of circumstances requirement. In support of this argument, Schornak claims there was nothing in the documentation establishing the element of recklessness. We disagree.

{¶ 16} The record indicates that upon entering the guilty verdict on Schornak's no-contest plea, the trial court stated it had "independently reviewed the citation—the complaint, the citation, and report and there is sufficient evidence to make the finding of guilty[.]" Trans. (Dec. 1, 2014), p. 5. The aforementioned documentation relied on by the trial court establishes that on July 11, 2014, the police were dispatched to a location on Mt. Carmel and Waynesville-Jamestown Roads where 15 head of cattle owned by Schornak were found in and around the roadways, as well as in a nearby soybean field. The documentation also included written statements from the owners of the soybean field indicating they have had an ongoing problem with Schornak's cattle running loose on their property. Their statements also indicated Schornak had been asked to fix his fence multiple times, but he has refused. Also, at the plea hearing, Schornak admitted that there was a hole in his fence.

{¶ 17} The foregoing facts satisfy all elements of animals at large in violation of R.C. 951.02 and R.C. 951.99. Specifically, Schornak's recklessness is established by his failure to repair the hole in his fence despite repeated problems with his cattle escaping and multiple requests for him to make the necessary repairs. Accordingly, the documents containing the foregoing facts are sufficient to demonstrate Schornak's criminal liability for the offense charged. Because the trial court stated on the record that it had reviewed these documents and correctly found sufficient evidence to find Schornak

guilty of the offense, we find that the documents served as the explanation of circumstances required by R.C. 2937.07. *See Mazzone*, 2d Dist. Montgomery No. 18780, 2001 WL 1141822 at *2; *Roland*, 2d Dist. Champaign No. 2005 CA 39, 2006-Ohio-3517 at ¶ 7.

{¶ 18} In so holding, we note that it is immaterial that the trial court made the explanation of circumstances by independently relying on the aforementioned documentation as opposed to the documentation being submitted by the State. *See Keplinger*, 2d Dist. Greene No. 98-CA-24, 1998 WL 864837 at *2; *Murphy*, 116 Ohio App.3d at 45, 686 N.E.2d 553. Again, there is no requirement in R.C. 2937.07 that the explanation of circumstances must come from the State. Rather, all that is required is that the trial court "make a finding of guilty or not guilty from the explanation of the circumstances of the offense." R.C. 2937.07. However, we reiterate that it is the State's burden to ensure that an explanation of circumstances appears on the record. *Osterfeld*, 2d Dist. Montgomery No. 20677, 2005-Ohio-3180 at ¶ 6.

{¶ 19} Schornak's First Assignment of Error is overruled.


**Second Assignment of Error**

{¶ 20} Schornak's Second Assignment of Error is as follows:

DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 21} Under his Second Assignment of Error, Schornak contends his trial counsel was ineffective in entering the stipulation to a finding of guilty and in failing to present mitigating evidence demonstrating that his conduct was not reckless. We disagree.

{¶ 22} A claim of ineffective assistance of trial counsel requires both a showing

that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). "Even assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment." (Citation omitted.) *State v. Jackson*, 2d Dist. Champaign No. 2004-CA-24, 2005-Ohio-6143, ¶ 30.

{¶ 23} In this case, the outcome of the proceeding would not have been affected had counsel not stipulated to Schornak's guilt. As noted above, the trial court indicated on the record that it independently reviewed the citation and incident report and found sufficient evidence to find Schornak guilty of the offense at issue. Therefore, even if counsel had not made the stipulation, the trial court still would have found Schornak guilty based on the information in the aforementioned documents.

{¶ 24} As for Schornak's claim that his counsel failed to present mitigating evidence showing that he was not reckless, we note that Schornak has not specified what mitigating evidence that he is referring to, nor has he demonstrated that any such evidence would have affected the outcome of the proceeding. Even if Schornak had evidence disputing the written statements indicating that he knew about the problem with

his cattle running loose and refused to fix the hole in his fence, Schornak has not demonstrated that the trial court would have believed his evidence over the written statements in the incident report.

{¶ 25} For the foregoing reasons, Schornak's ineffective assistance claim fails and his Second Assignment of Error is overruled.

## Conclusion

{¶ 26} Having overruled both assignments of error raised by Schornak, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.


Copies mailed to:

Ronald C. Lewis
Wilmer J. Dechant, Jr.
Hon. Michael K. Murry