[Cite as *State v. Dumas*, 2024-Ohio-2731.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30014 |
| | : | |
| v. | : | Trial Court Case No. 23CRB01433 |
| | : | |
| JULIA A. DUMAS | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on July 19, 2024

. . . . . . . . . . .

THOMAS W. KIDD, JR., Attorney for Appellant

JOHN D. EVERETT, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Julia A. Dumas pled guilty in the Kettering Municipal Court to disorderly conduct, a fourth-degree misdemeanor. She appeals, claiming that her plea was not made knowingly, intelligently, and voluntarily because the trial court failed to inform her

of the effect of her plea. For the following reasons, the trial court's judgment will be reversed, and the case will be remanded for further proceedings.

## I. Procedural History

{¶ 2} On October 26, 2023, Dumas was charged by complaint with failing to disclose to a law enforcement officer that she was carrying a concealed handgun. Her trial was scheduled for December 7, 2023. On the scheduled trial date, Dumas pled guilty to an amended charge of disorderly conduct. The court then immediately proceeded to sentencing. It imposed 30 days in jail, all of which were suspended, a fine of $250 of which $200 was suspended, and court costs. The court placed Dumas on unsupervised community control for one year. It further ordered her firearm to be returned to her. Dumas's written plea form and the court's judgment entry were filed later that morning.

{¶ 3} Dumas appeals from her conviction. In her sole assignment of error, she claims that the trial court failed to comply with Crim.R. 11(E), making her guilty plea not knowingly and freely given.

## II. Dumas's Guilty Plea

{¶ 4} Crim.R. 11 outlines the procedures courts must follow when accepting pleas, and those procedures vary depending on whether the offense is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony. *State v. Howard*, 2018-Ohio-5160, ¶ 17 (2d Dist.). Under Crim.R. 11(E), in misdemeanor cases involving petty offenses, such as this case, "the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect

of the plea of guilty, no contest, and not guilty."

{¶ 5} A trial court is required to inform the defendant only of the effect of the specific plea being entered and must use the appropriate language under Crim.R. 11(B). *State v. Jones*, 2007-Ohio-6093, ¶ 25. The notification regarding the effect of the plea is not satisfied by statements relating to the maximum penalty and the defendant's constitutional rights. *See id.* at ¶ 22. The notification may be given either orally or in writing. *Id.* at ¶ 51.

{¶ 6} Additional procedural protections in misdemeanor pleas are added in R.C. 2937.07, which states in part, "[u]pon receiving a plea of guilty, the court or magistrate shall call for an explanation of the circumstances of the offense from the affiant or complainant or the affiant's or complainant's representatives unless the offense to which the accused is pleading is a minor misdemeanor in which case the court or magistrate is not required to call for an explanation of the circumstances of the offense." The State bears the burden of ensuring that an explanation of circumstances appears on the record before a conviction is entered. *State v. Holley*, 2020-Ohio-5104, ¶ 18 (2d Dist.); *State v. Schornak*, 2015-Ohio-3383, ¶ 8 (2d Dist.). It is immaterial who actually states the explanation on the record. *Id.* Regardless of who states the explanation of circumstances, the record must affirmatively demonstrate that a sufficient explanation of circumstances was made. *Id.* The explanation of circumstances requirement may be waived. *See, e.g., Animal Control v. Keller*, 2023-Ohio-3995, ¶ 17 (2d Dist.).

{¶ 7} Traditionally, a defendant who is challenging a plea on appeal must establish that an error occurred in the plea hearing and that he or she was prejudiced by that error.

*State v. Dangler*, 2020-Ohio-2765, ¶ 13; *State v. Jackson*, 2022-Ohio-3662, ¶ 9 (2d Dist.). However, prejudice is presumed when the trial court completely fails to comply with a portion of Crim.R. 11. *Dangler* at ¶ 15; *Jackson* at ¶ 9.

{¶ 8} In this case, Dumas claims that the trial court erred in accepting her guilty plea, because it failed to notify her of the effect of her plea. A review of the plea hearing transcript confirms that the trial court did not orally inform Dumas that her guilty plea was a "complete admission of [her] guilt," as required by Crim.R. 11(B). The State responds, however, that Dumas's "plea form along with the trial court's questioning of the defendant about her rights" satisfied Crim.R. 11(E).

{¶ 9} We have found substantial compliance with Crim.R. 11(C)(2)(b), which similarly requires that a felony defendant be informed of the effect of his or her plea, when the plea form includes the required advisements and the defendant indicates at the plea hearing that he or she has read and understood the plea form. *E.g., State v. Sheppeard*, 2023-Ohio-3278, ¶ 15-16 (2d Dist.); *State v. Campbell*, 2021-Ohio-2053, ¶ 23 (2d Dist.); *State v. Miller*, 2017-Ohio-478 (2d Dist.); *State v. Vanover*, 2007-Ohio-1057 (2d Dist.).

{¶ 10} In this case, Dumas's plea form included the following statements: "I have been informed by the Court of the effect of a plea of guilty, no contest and not guilty. I understand that a plea of guilty is a complete admission of my guilt. * * * I understand that when a plea of guilty or no contest is accepted by Court, the Court may proceed with sentencing."

{¶ 11} However, there was no mention of the plea form during the December 7, 2023 hearing. The trial court's plea colloquy consisted solely of confirming that Dumas

was pleading guilty to an amended charge of disorderly conduct and reviewing the constitutional rights she was waiving and the penalties she faced. The court did not ask her if she had read and understood the plea form. A video recording of the hearing was attached to the transcript, but it does not provide any additional information. It is unknown when the plea form was reviewed and signed by Dumas and her attorney. Although the language of Dumas's plea form would have been sufficient to provide written notice of the effect of Dumas's guilty plea, the record does not demonstrate that Dumas reviewed it prior to her entering a guilty plea to disorderly conduct.

{¶ 12} Dumas's assignment of error is sustained.

### III. Conclusion

{¶ 13} The trial court's judgment will be reversed, and the case will be remanded for further proceedings.

. . . . . . . . . . . . .


TUCKER, J. and HUFFMAN, J., concur.