[Cite as *State v. Pratt*, 2025-Ohio-2611.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-1 |
| Appellee | : | |
| | : | Trial Court Case No. 24CRB645 |
| v. | : | |
| | : | (Criminal Appeal from Municipal Court) |
| JAMES W. PRATT | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |
| | : | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 25, 2025, the judgment of the trial court is vacated.

Costs to be paid by the State.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

[[Applied Signature]]
RONALD C. LEWIS, JUDGE

Epley, P.J., and Huffman, J., concur.

**OPINION**
CHAMPAIGN C.A. No. 2025-CA-1

CATHY J. WEITHMAN, Attorney for Appellant
MARK M. FEINSTEIN, Attorney for Appellee

LEWIS, J.

{¶ 1} Defendant-Appellant James W. Pratt appeals from his conviction in the Champaign County Municipal Court following his no contest plea to one count of permitting an animal to run at large. For the following reasons, the judgment of the trial court will be vacated.

## I. Facts and Procedural History

{¶ 2} On December 11, 2024, Pratt received a summons and complaint alleging that he had permitted his cattle to run at large, in violation of R.C. 951.02, a misdemeanor of the fourth degree. According to the complaint, Pratt permitted his cattle to enter State Route 56, causing them to be struck by two vehicles.

{¶ 3} On December 16, 2024, Pratt appeared for his arraignment at the Champaign County Municipal Court. Pratt waived his right to counsel and entered a no contest plea. The State read a statement of circumstances into the record, and the trial court found Pratt guilty. The trial court sentenced Pratt to 10 days in jail, all of which was suspended on the condition that he not commit any similar offenses within one year. The trial court also imposed a fine of $125 and court costs. Pratt timely appealed.

## II. Assignment of Error

{¶ 4} Pratt raises a single assignment of error, which states as follows:

THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT GUILTY OF A VIOLATION OF SECTION 951.02 AS THE REQUISITE

DEGREE OF CULPABILITY WAS NOT PROVEN.

**{¶ 5}** According to Pratt, the State failed to prove that he recklessly violated the statute.   The State did not file a brief.

**{¶ 6}** "Pursuant to R.C. 2937.07, the trial court in a misdemeanor case is required to hear an explanation of the circumstances surrounding the offense and then determine whether the facts are sufficient to convict on the misdemeanor offense."   *State v. Fields*, 2017-Ohio-400, ¶ 27 (2d Dist.).   When reviewing the sufficiency of the evidence on appeal, an appellate court must "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt."   *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.   "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."   *Id*.   A defendant who pleads no contest has a substantive right to be acquitted if the State's explanation of the facts and circumstances fails to establish all of the elements of the offense.   *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150 (1984), citing *Springdale v. Hubbard*, 52 Ohio App.2d 255, 259-260 (1st Dist. 1977).

**{¶ 7}** "Appellate review of a trial court's finding of guilt on a no contest plea to a misdemeanor is de novo: We review the explanation of circumstances to determine if there is sufficient evidence in the record to establish all of the elements of the offense."   *State v. Erskine*, 2015-Ohio-710, ¶ 10 (4th Dist.), citing *Bowers* at 150.   *Accord State v. Hanson*, 2019-Ohio-3688, ¶ 15 (2d Dist.).   "De novo review requires a court to exercise its independent judgment."   *State v. Gwynne*, 2023-Ohio-3851, 16, citing *Lincoln Properties, Inc. v. Goldslager*, 18 Ohio St.2d 154, 159 (1969).

{¶ 8} Pratt was charged with one count of animals at large pursuant to R.C. 951.02. That statute provides, in relevant part, that "[n]o person, who is the owner or keeper of . . . cattle . . ., shall permit them to run at large in the public road, highway, street, lane, or alley . . . ." Although there is no degree of culpability specified in the statute above, R.C. 951.99 provides that "[w]hoever recklessly violates section 951.02 of the Revised Code is guilty of a misdemeanor of the fourth degree." Thus, "[f]or the offense to carry criminal liability, the offender must have 'recklessly violated section 951.02 of the Revised Code.' " *State v. Schornak*, 2015-Ohio-3383, ¶ 13 (2d Dist.), quoting R.C. 951.99.

{¶ 9} Recklessly is defined in R.C. 2901.22(C), which states:

A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

{¶ 10} At the time of Pratt's plea, the prosecutor read into the record the written statement of facts, which had previously been filed with the court. The prosecutor stated:

Per the Court's statement filed in this case, this matter occurred on December 11, 2024 at approximately 18:06 hours. At that time Deputy Robert Moore with the Champaign County Sheriff's Office was dispatched to 3985 State Route 56 in Champaign County, Ohio in regards to a vehicle striking a cow in the roadway.

Prior to his arrival, Mr. Pratt, the gentleman that signed the documents and who is seated to my right, was the owner of the cattle. That there were

multiple calls regarding cows being in the roadway. Upon arrival, Deputy Moore came in contact with a male who stated that the cow belonged to him. He was later identified as James Pratt. I located the driver of the vehicle. Deputy North did. Did not see any cattle in or near the roadway.

While dealing with the initial vehicle information, another vehicle struck a cow in the roadway. While speaking to Mr. Pratt, Deputy North learned, and was told by Mr. Pratt, that the cattle busted out of his barn at that time. They knocked down the fence. And that was the basis for the charge.

Tr. 6.

{¶ 11} The trial court then had a brief discussion with Pratt wherein he stated that he "didn't mean to have [his] cows get out" and that the cows "broke through a gate and got out of the barn." *Id*. at 7. Thereafter, the trial court found Pratt guilty as charged.

{¶ 12} According to Pratt, there was no evidence presented to the court that he acted recklessly, which was a necessary element of the offense. We agree.

{¶ 13} Our prior decision in *Schornak*, 2015-Ohio-3383 (2d Dist.), is instructive. There, police were dispatched to a roadway in Greene County, Ohio, where 15 head of cattle owned by Schornak were found in and around the roadway, as well as in a nearby soybean field. *Id.* at ¶ 16. Schornak was charged with 15 counts of animals at large. Schornak entered a no contest plea to one count of animals at large, and the State agreed to dismiss the remaining counts. *Id.* at ¶ 2. The trial court found Schornak guilty and sentenced him. Schornak appealed.

{¶ 14} One of the issues Schornak raised on appeal was that the evidence reviewed by the trial court for finding him guilty on his no contest plea was insufficient to sustain a conviction because there was no evidence of recklessness. *Id*. at ¶ 15. The information

upon which the trial court relied for Schornak's no contest plea reflected that the owners of the soybean field had had ongoing problems with Schornak's cattle running loose on their property. Additionally, Schornak had been asked to fix his fence multiple times prior to the date of the incident for which he was charged, but he had refused to do so. Furthermore, at the plea hearing, Schornak admitted there was a hole in his fence. *Id*. at ¶ 16. Based on these facts, we concluded on appeal that the facts satisfied all the elements to support Schornak's conviction for animals at large. Specifically, we stated that "Schornak's recklessness is established by his failure to repair the hole in his fence despite repeated problems with his cattle escaping and multiple requests for him to make the necessary repairs." *Id*. at ¶ 17.

{¶ 15} In this case, there was no dispute that the cattle running at large in the roadway belonged to Pratt. However, there was no evidence presented at the plea hearing that Pratt had failed to maintain his barn or fence in good repair or that he had been aware of damage but refused to fix it, resulting in his animals escaping. Nor was there any evidence presented that Pratt's cattle had previously escaped. Rather, the evidence reflected that Pratt's cows "busted out of his barn" or "broke through a gate and got out of the barn." This evidence was insufficient to satisfy the reckless standard.

{¶ 16} While the prosecutor advised the trial court that Pratt had a prior animal running at large conviction from 2023, this was stated *after* Pratt had been found guilty when the trial court was imposing sentence. Moreover, there were no additional details provided regarding the prior conviction to support an inference that Pratt had acted recklessly in this case. Notably, R.C. 2937.07 provides that "the judge or magistrate may make a finding of guilty or not guilty *from the explanation of the circumstances of the offense*." Because this information was not provided as part of the explanation of the circumstances, it may not be

used to satisfy the mens rea element of recklessness.

{¶ 17} Pratt's assignment of error is sustained.

### III.    Conclusion

{¶ 18} Having sustained the assignment of error, we vacate the judgment of the trial court.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.